JAMES H. McVICKER, Appellant, *v.* ITALO CAMPANINI,. Respondent.

*Supreme Court, First Department, General Term, May* 24, 1889.

1. *Attachment. Affidavit.*—An affidavit on personal knowledge, where the affiant, not a party, fails to state the facts which tend to show such personal knowledge, is insufficient to procure an attachment.

2. *Same.*—Where an affiant does not necessarily have knowledge, and where he cannot be presumed to know the several facts attempted to be established by his affidavit, such affidavit furnishes no legal evidence of their existence.

3. *Same. Information and belief.*—If the affidavit is made upon information and belief, the sources of the information and the grounds of the belief must be stated; and if the information is acquired from another person, his affidavit must be furnished as the legal evidence of the fact, or its non-production excused by showing the impossibility of obtaining it.

4. *Same. Office of affidavit.*—The office of an affidavit is to furnish evidence; and, unless the affidavit contains legal evidence conferring jurisdiction upon the court, and it appears upon the face of the affidavit that the court had jurisdiction, an order based upon such an affidavit will be set aside.

Appeal from an order vacating attachment procured upon the ground of the defendant's non-residence.

*A. J. Dittenhoefer*, for appellant.

*F. Bien*, for respondent.

VAN BRUNT, P. J.—The attachment in question was procured upon the affidavit of the son of the plaintiff. He states in his affidavit that he is the son of the plaintiff, and that he is acquainted with and has knowledge of the facts hereinafter set forth; and then alleges the facts upon which the attachment was granted. A motion to vacate the attachment was made upon the papers upon which it was granted, based solely upon the ground that the affiant did

not state the grounds of his knowledge and the sources of his belief. This motion was granted, and from the order thereupon entered this appeal is taken.

The ground claimed by the appellant to support the attachment is that the affidavit is not upon information and belief, but by an affiant who has personal knowledge, being acquainted with and having knowledge of the facts set forth in the affidavit.

One difficulty with the position of the plaintiff is that there is nothing in the affidavit to show that the affiant had personal knowledge of the facts.

It is true, it states, that he is acquainted with and has knowledge of the facts set forth; but how he became acquainted with, and how he acquired knowledge in respect to those facts, the affidavit is entirely silent. It nowhere appears that he was a party to the contracts in question. It nowhere appears that he was present when the contracts were entered into. But it appears that he is the son of the plaintiff, and from that we are called upon to infer that he has personal knowledge of and acquaintance with all his father's business affairs. We think this is too violent an assumption to entertain. Where a party has deposed to facts, of which, upon the face of the papers, it appears that he has not necessarily personal knowledge, it is necessary for him to state the facts which tend to show that he has such personal knowledge of the facts as authorizes him to make the affidavit. Where an affiant does not necessarily have knowledge of, and where he cannot be presumed to know, the several facts attempted to be established by his affidavit, such affidavit affords no legal evidence of their existence.

In the case of Tim *v.* Smith (93 N. Y. 87), the court of appeals lay down the statutory rule which recognizes the fact that in order to entitle the court to act upon the affidavit, legal evidence of the facts to be established must be furnished by such affidavit. In the case cited, the affidavit

was made by the attorney, and it was there held that unless it appeared that an attorney had acquired such knowledge of the several facts required to be proved as entitled him to give legal evidence of their existence, his affidavit should be disregarded.

In the case at bar there is no proof whatever that the affiant could give a single particle of legal evidence in respect to transactions in which he does not appear to have been a participant. It is not enough that the affidavit should be made upon information and belief. If the affidavit is made upon information and belief, the sources of the information and grounds of the belief must be stated; and if the information is acquired from another, his affidavit must be furnished as the legal evidence of the fact, or its non-production excused by showing the impossibilty of obtaining the affidavit. The office of an affidavit is to furnish evidence. Courts are presumed to act upon legal evidence; and unless the affidavit contains legal evidence conferring jurisdiction upon the court, and unless it appears upon the face of the affidavit that the court had jurisdiction to act, if action is taken upon such affidavit, it should be set aside.

We think under the rule laid down in the case cited, the affidavit in question was entirely deficient in that it nowhere appeared that the affiant had personal knowledge of the transaction. And even if he had sworn that he had personal knowledge, it would have been insufficient without showing the facts and circumstances from which he concluded that he had such personal knowledge.

It is for the court to determine from the legal evidence which the affiant places before it in the affidavit, as to whether he has that personal knowledge which justifies him in making the affirmation.

The order should be affirmed, with ten dollars costs and disbursements.

MACOMBER and BARTLETT, JJ., concur.