MECHANICS AND TRADERS' BANK, Respondent, *v.* JAMES LOUCHEIM and CHARLES E. VIRTUE, Appellants.

*Positive allegations in an affidavit — when circumstances establishing personal knowledge must be set forth in support thereof — allegations of an affidavit as distinguished from those of a complaint.*

The fact that the allegations of an affidavit are made positively, as apparently within the knowledge of the affiant, does not oblige the court to accept the statements as true in a case in which, from the situation of the parties, the presumption is that the affiant had not personal knowledge of the facts alleged; but it is its duty to reject the allegations unless the affiant sets forth the facts and circumstances establishing his personal knowledge in the premises.

The office of an affidavit is to set forth the evidence from which the court may draw conclusions of fact, while in the case of a complaint the conclusions of fact, and not the evidence of their correctness, are to be set forth.

Appeal by the defendants from an order made at a Special Term held in the city of New York, and entered in the office of the clerk of the county of New York on the 20th day of November, 1889, denying the defendants' motion to vacate an attachment issued in the above-entitled action.

*Franklin Bien*, for the appellants.

*A. J. Dittenhoefer*, for the respondent.

Van Brunt, P. J.:

It would be undoubtedly true that if the conclusions sworn to by the person who made the affidavit upon which the attachment in this case was granted had evidence to support them, the attachment would have been properly granted.

The office of an affidavit is to set forth the evidence from which the court may draw conclusions of fact, differing in this respect radically from a complaint which should only set forth conclusions of fact, and not the evidence of the correctness of these conclusions. The affidavit in question states that, on or about the 5th of October, 1889, with intent and design of defrauding creditors, the defendant Virtue purported to sell, assign and transfer to the defendant Loucheim for a nominal consideration all his right, title and interest in

the entire stock, assets and property and business of the firm of Loucheim & Co., of which he was a partner. This allegation is simply a conclusion of the affiant, without there appearing in the affidavit a particle of evidence to support it. It is claimed that because the allegation is made positively, apparently upon the knowledge of the affiant, that the court is bound to act upon it. We do not think that this is the rule; upon the contrary, where, from the situation of the parties, the presumption is that the affiant has not personal knowledge of the facts alleged, it is the duty of the court to reject the allegation unless the affiant sets forth the facts and circumstances showing why he has personal knowledge. (*Tim* v. *Smith*, 93 N. Y., 91.)

The situation of the president of the plaintiff and his relations to the defendants were not such as that he would be likely to have personal knowledge of the transactions taking place between the defendants; and if he had such knowledge, he was bound to set forth how he had acquired it and what it was, so that the court could draw its conclusions, and not be obliged to accept the affiant's.

The affidavits contain other conclusions as to the effect of the assignment made by the defendant Loucheim for the benefit of creditors, which may be true or not, dependent upon other facts which are not set forth in the affidavits. The only evidence of the truth of these allegations is the assignment itself, which is annexed to the papers; and if it should so happen that Loucheim had no individual debts, then the conclusion in the affidavit would be untrue. We are furnished with no evidence upon this point. Fraud is not to be presumed. If a party claims fraud, he must put before the court legal evidence of the fraud, and not merely his conclusions that fraud has been committed.

The order appealed from must be reversed, with ten dollars costs and disbursements, and the attachment vacated.

BRADY and DANIELS, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and the attachment vacated.