## THOMAS *et al*. v. DICKINSON *et al*.

(*Supreme Court, General Term, First Department.* October 24, 1890.)

1. ATTACHMENT—AFFIDAVITS—AVERMENTS AS TO GROUNDS.

An affidavit to obtain an attachment against defendants' property, on the ground that one of them kept himself concealed to avoid service of summons, stated that affiant sought said defendant at his place of business, but that he was not there, and the place was in the sheriff's hands; that affiant was told by persons there that defendant could be found at a certain other place; and that affiant went there several times a day for four days without finding defendant, and left notes for him to call, to which no reply was made. *Held*, that concealment to avoid service of summons could not be inferred from these facts.

2. SAME.

An affidavit to obtain an attachment, on the ground that defendants had disposed of their property to defraud their creditors, stated that they had confessed a judgment in favor of the wife of one of them, for a certain sum, and that under it, all their property had been sold for a certain lesser sum.  *Held*, that there was no presumption, on these facts, that such judgment or sale was fraudulent.

3. SAME—SOURCES OF INFORMATION.

The same affidavit further averred, as proof of fraudulent disposition of property, transactions of defendants with other parties as of affiant's personal knowledge; but did not state that affiant was present at such transactions, nor did it disclose the source or the extent of his information concerning them.  *Held*, that such averments must be rejected.

4. SAME.

The same affidavit further stated that affiant had been informed by persons holding claims against defendants that their total indebtedness was a certain amount, but that, from lack of time, he was unable to procure the affidavits of such persons. *Held*, that this was no proof of the existence of indebtedness of such amount.

Appeal from special term, New York county.

Motion by defendants in the action, Henry A. Dickinson and David I. Johnson, to vacate an attachment against their property obtained by the plaintiffs, William H. Thomas and Percy Thomas.  The motion was made on the ground of insufficiency of the affidavits on which the attachment was granted, and was denied at special term.  From the order denying the motion defendants appeal.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Franklin Bien*, for appellants.   *A. Walker Otis*, for respondents.

DANIELS, J.   The attachment has been issued for two distinct causes of action.   The first is upon an assigned demand for the price of goods sold and delivered; the second for the value of goods obtained by fraudulent representations of the financial condition of the defendants, and their practical conversion by them.   In this respect the proceeding is clearly irregular, and can only be corrected by the dismissal of the attachment as to one of these demands, and as the first is comparatively unimportant in its amount, its dismissal would prove the least injurious to the plaintiffs; and if that would entirely correct the proceeding it would be proper to order that dismissal, as the two causes of action have not been properly united in the same action. But it would not, for still further objections have been taken of a fundamental character to the affidavits on which the attachment has been issued, and which this dismissal would not remove.  These objections are made to the affidavit of the plaintiffs' managing agent, by whom the sale was made of the plaintiffs' whisky to the defendants.  The attachment was issued upon the ground, as it has been recited therein, that the defendant Henry A. Dickinson keeps himself concealed within the state with the intent to avoid the service of a summons, and that the defendants have assigned, disposed of, or secreted their property with the intent to defraud their creditors.   The proof of these facts consists wholly of the affidavit of the managing agent.  As to the fact of concealment he states that he tried to find the defendant Dickinson two or three days after the confession of a judgment, which was confessed on the 18th of July, 1890; that he went to the defendants' place of business, at No. 15 Hudson street, and found the place in the sheriff's hands, and the defendant Dickinson was not there, but was told by persons there that he could be found at 159 Chambers street; that he went there three or four times a day, for four days, without finding him, and left notes for him to call, to which he made no reply.   And upon this statement the charge of concealment to avoid the service of the summons was made.   For the support of that charge it was insufficient.   No evidence is contained in the affidavit that the persons at the store had any knowledge of where this defendant could be found, or that he was in fact at 159 Chambers street.   They seem to have been persons acting under the sheriff, without authority to

make any representations concerning this defendant, and for whose information he cannot be held responsible, and, as a matter of fact, it has not been shown that he was at any time at 159 Chambers street, or that any reason, beyond the statement of the persons found at the store, existed for believing that he was, or had been, there. Upon this subject the affidavit failed to make proof of facts from which a concealment to avoid the service of a summons could be reasonably inferred, as no effort to find or inquiry was made for this defendant at his residence, where, it may very well be, he would have been found. To show that the defendants had assigned, disposed of, or secreted their property to defraud their creditors the same affiant stated that they had confessed a judgment in favor of Anna M. Dickinson, the wife of the defendant Dickinson, for $3,016.16, and under the execution issued upon it all their property had been sold for about $1,500. But it has not been shown, nor has it been stated, that this judgment was not confessed for an actual debt owing to the judgment creditor, nor that the property was sold for less than it might be expected to bring at a public sale, nor that it was bought for the defendants, or the person to whom the judgment was confessed. The confession of the judgment and the sale under it fail, therefore, to prove any fraudulent disposition, assignment, or concealment of the debtors' property, all of which, it is stated, but clearly inaccurately, was in this manner sold and disposed of. There can be no presumption, in the absence of facts warranting it, that either the judgment, or the sale under it, was fraudulent. But the presumption from the facts stated is that the judgment and sale were each alike free from fraud.

As further proof of the fraudulent disposition or concealment of the debtors' property, and which seems to relate to property not sold under the execution, it is stated by the same affiant that the 25 barrels of whisky sold and delivered by the plaintiffs to the defendants were within a week or two after the conversation mentioned pledged with a warehousekeeper of this city, and an advance of 75 per cent. obtained thereon. It is further stated that within three months the defendants had bought about $10,000 worth of liquors, wines, etc., all of which have immediately after the purchase, and out of the regular course of business, been hypothecated for about 75 per cent. of their value, but the goods had not been paid for, nor the proceeds received by the creditors. The affiant nowhere states that he was present at either of these transactions; neither does he disclose from what source he may have obtained information concerning them, nor the extent of such information, and as the statements relate to transactions between other persons, at neither of which can he be presumed to have been present, they furnish no reliable reason for believing that they have been correctly stated. The fact that a witness states transactions positively as being within his knowledge, when it can be seen that he does not possess that knowledge, are circumstances not only requiring the statements to be rejected, but they tend to subject his veracity in other respects to grave doubts, for it shows either a carelessness or recklessness on the part of the person making the statements, which is wholly inconsistent with a just regard for the truth; and it has been considered in that view in cases which have already been decided. *Bank* v. *Loucheim*, 8 N. Y. Supp. 520. And if the whisky was pledged, as the affidavit states it was, there is nothing mentioned from which it can be inferred to have been done to defraud the creditors of the defendants, or to conceal the property. Indeed, no such design has been asserted in the affidavit. The affiant states further that he has been informed by persons holding claims against the defendants that the total debts owing by the defendants amount to between $20,000 and $25,-000, but that from lack of time he was unable to see these persons and procure their affidavits. This information is no proof of the facts existing to which it relates. Neither does it appear to have been so regarded, for the affiant does not even add that he believed the information to be true. But if he had

it would still have been too loose and unreliable to prove how much was the amount of the defendants' indebtedness. *Bank* v. *Alberger*, 78 N. Y. 252. For the foundation of an important legal proceeding the affidavit has been drawn with a degree of looseness that is unaccountable. The rules to be observed, and the facts to be proven, to entitle a party to an attachment, have been clearly enacted and frequently repeated; and still the practice followed is marked by an entire disregard of them. This is unjust to the plaintiffs, for it must often result, and may in this instance, in the loss of valuable demands, which would otherwise be secured by the seizure of the debtor's property, And it is equally so to the debtor, who is entitled to have a reasonably plain case made against him before he can be legally divested of the possession of his property, through the instrumentality of an attachment. The rules which are to be observed have been clearly defined, and when they are substantially disregarded by radically defective affidavits, as they have been in this case, the only alternative presented is to set aside the proceeding. The order in this case should be reversed, with $10 costs and the disbursements, and the attachment should be vacated. All concur.