## HILL *v.* KNICKERBOCKER ELECTRIC LIGHT & POWER CO.

(*Supreme Court, General Term, First Department.* May 15, 1891.)

1. ATTACHMENT—AFFIDAVIT—AVERMENTS AS TO INDEBTEDNESS.

An affidavit to obtain an attachment in an action on two demands, of which one accrued to plaintiff directly, and the other by assignment to him, stated the facts as to the latter demand as facts within plaintiff's knowledge. It appeared that both demands were for services to defendant, beginning on the same day, although in different pursuits, and that plaintiff's employment continued nearly the whole of the time during which the assigned demand accrued. *Held*, that this was sufficient to sustain plaintiff's positive affidavit as foundation for an attachment.

2. SAME—DEFECTS CURED.

The affidavit did not state to whom the assignment was made, but the complaint, sworn to on the same day, averred the assignment to have been to plaintiff. *Held* that, on appeal, it might be assumed, the contrary not appearing, that the complaint was before the justice when the attachment was issued, and that the defect was supplied thereby.

Appeal from special term, New York county.

Action by Frederick M. Hill against the Knickerbocker Electric Light & Power Company. Plaintiff obtained an attachment against defendant's property, which defendant moved to vacate for insufficiency of the papers on which it was granted. The motion was denied, and defendant appeals.

Argued before VAN BRUNT, P. J., and DANIELS, J.

*Abraham Gruber,* for appellant. *John A. Amundson,* for respondent.

DANIELS, J. The attachment has been issued for two different demands, one owing to the plaintiff directly, and the other acquired by assignment. They have been supported by the plaintiff's affidavit, and sufficiently so, too, as to the demand owing to him personally; but that part of the affidavit devoted to the assigned demand is objected to as insufficient, for the reason that it has not been stated that the facts mentioned in it were or could have been known to him. They are generally stated as facts within the plaintiff's

[1] 4 N. Y. Supp. 685.

knowledge, and in no sense depending on his information. But in support of the conclusion that they were within his knowledge is the circumstance that the plaintiff was in the employment of the defendant during the time when the assigned demand mainly accrued, he having left the employment on the 29th day of November, 1890, and the assignor on the 6th of the following month of December. The services in each instance are stated to have commenced on the same day; and, while they were rendered in different pursuits, still there is reason for concluding that the plaintiff had in this manner obtained that knowledge concerning the rendition of the services of the assignor as enabled him to make the statements concerning it which are contained in his affidavit; and when that may be assumed to be the state of the facts the positive affidavit of the assignee may be reasonably accepted and acted upon as the foundation for an attachment. *Bank* v. *Voisin*, 44 Hun, 85, and *Crowns* v. *Vail*, 4 N. Y. Supp. 324, support this ruling. The affidavit is defective in omitting to state to whom the assignment was made. But the attachment forms no part of the papers on the appeal, and it cannot, therefore, be said that it was issued alone upon the affidavit. The complaint was sworn to on the same day, and may be assumed to have been also before the justice at the time when he subscribed the warrant of attachment; and that avers the assignment to have been to the plaintiff, which supplies this omission in the affidavit itself. The attachment has in this manner been sufficiently supported, and the order should be affirmed, with $10 costs and the disbursements on the appeal.