NATIONAL BROADWAY BANK *v.* BARKER.

*(Supreme Court, General Term, First Department.    October 16, 1891.)*

ATTACHMENT—AFFIDAVIT—CONCLUSIONS OF AFFIANT.

The affidavit on which a warrant of attachment was granted, in an action for fraud in procuring money from plaintiff on certain promissory notes transferred by defendant to plaintiff, averred that the notes were forged and fraudulent; but it did not appear that the affiant could have had personal knowledge of the fact, and there was no evidence to support the assertion. *Held,* that such averment was a mere conclusion, and the affidavit was insufficient to sustain the attachment, and that the defect was not supplied by similar allegations in the complaint. *Haebler v. Bernharth,* 115 N. Y. 459, 22 N. E. Rep. 167, distinguished.

Appeal from special term, New York county.

Action by the National Broadway Bank in the city of New York against Stephen T. Barker. Plaintiff obtained a warrant of attachment against defendant's property, which was vacated, on motion by the Mattson Rubber Company, a subsequent attaching creditor, on the papers upon which it was granted. Plaintiff appeals from the order vacating the attachment. For former report, see 14 N. Y. Supp. 529.

Argued before VAN BRUNT, P. J., and DANIELS and INGRAHAM, JJ.

*Kelly & MacRae,* ( *Wm. F. MacRae,* of counsel,) for appellant. *P. Q. Eckerson,* for respondent Mattson Rubber Co.

VAN BRUNT, P. J. This action was brought to recover for injury to personal property by reason of the fraud of the defendant in procuring money from the plaintiff between the 15th of June, 1890, and the 5th of August, 1890, upon six promissory notes issued in form to the defendant, and transferred by him for full value to the plaintiff. It was alleged in the affidavit upon which the attachment was granted, which was sworn to by the cashier of the plaintiff, that said notes were forged and fraudulent, and that the plaintiff was thereby defrauded out of the sum for which the attachment was issued. As it does not appear that the affiant could have had any personal knowledge as to whether the notes in question were forged or not, there is no evidence whatever to support the assertion contained in the affidavit, or which tended to establish that fact before the court. The allegation, as sworn to, was a simple conclusion, and is no evidence of the existence of any fact. If it be said that the complaint contained in the motion papers contains allegations in regard to this matter, and establishes a cause of action, it seems to be sufficient to say that the allegation in regard to the forgery of these notes has no greater force because contained in the complaint than it has as stated in the affidavit. The object of requiring the facts upon which an attachment is issued to be stated in the affidavit is that the evidence tending to establish a cause of action, and the other facts necessary to be presented to the court in order to entitle the plaintiff to an attachment, shall be before it. The office of a complaint is not to set out the evidence, while that of an affidavit is to present evidence to the court from which conclusions are

to be drawn. Our attention is called to the case of *Haebler* v. *Bernharth*, 115 N. Y. 459, 22 N. E. Rep. 167, in which it is claimed that the essential facts necessary to be stated to secure an attachment are laid down by the court of appeals. The court say: "We think the papers presented to the judge upon which the attachment was granted contain some evidence to establish the necessary jurisdictional facts, and justified the granting of the writ." In other words, there was some evidence to establish the facts necessary to confer jurisdiction, and therefore the court of appeals would not interfere. The only question was whether there was any evidence tending to establish the facts conferring jurisdiction. The question before the general term, upon an appeal from an order vacating or denying a motion to vacate an attachment, is whether there was not only some evidence tending to establish the facts, but sufficient evidence to justify the granting of the writ; the jurisdiction of the two courts upon appeal being essentially different,—one weighing the evidence, the other only seeing whether there is any evidence to support the necessary allegations. The case cited, therefore, has no effect upon the question now before the court. We are of opinion that there was nothing but conclusions and no evidence set forth in the affidavit upon which the attachment was granted. The order should be affirmed, with costs. All concur.