(5 App. Div. 190.)

## In re FLEMING.

(Supreme Court, Appellate Division, First Department.   May 8, 1896.)

DESCENT AND DISTRIBUTION—MURDER OF ANCESTOR.

 The right of a remainder-man, on the death of the life tenant, to compel payment to her of the estate, cannot be denied because she has been indicted for the murder of the life-tenant, where the indictment is still pending. 38 N. Y. Supp. 611, reversed.

Appeal from special term, New York county.

Application by Mary Alice Almont Fleming for an order directing the chamberlain of the city of New York to pay her a certain sum of money deposited with him to the credit of a certain action in partition, together with the accumulations thereof. From an order denying the application (38 N. Y. Supp. 611), petitioner appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

Gratz Nathan, for appellant.

George H. Yeaman, for respondents R. S. Livingston and others.

Clarence M. Foster, guardian ad litem for respondents Florence Baker and others.

Frank D. Tansley, for respondents George L. Reeder and guardian ad litem of Elsie Reeder.

Henry A. Vieu, for respondents Cora M. Brown and others.

BARRETT, J.· By the provisions of a decree in partition made in this court in May, 1870, certain moneys (part of the proceeds of sale under the decree) were deposited with the chamberlain, with a direction that such moneys should be paid to the petitioner (who was then an infant) upon the death of her mother. The petitioner's mother died in August of last year, and thereupon the petitioner applied to the chamberlain for the moneys, but that officer declined to make the payment without an order of the court; whereupon this proceeding was instituted. The only ground upon which the application was contested was that an indictment had been found against the petitioner for the murder of her mother. Upon that fact, and upon that alone, her application was denied, with leave, however, to renew "after a disposition shall have been made of the indictment pending against her." The petitioner appeals, claiming that her right to enjoy presently that to which she has the clear legal title should not thus have been postponed. We think she is right in this contention. The learned judge at special term concedes that even a conviction upon the indictment would not be legal proof of the fact of the murder. In this view he is clearly right. Though the issue be the same, the parties are not the same. The respondents here would not be bound by an acquittal there. The converse must be true. If, then, a conviction would not be binding, what shall be said of an indictment, which is but an accusation? It is not even permitted to discredit a party or a witness by showing upon cross-examination that he has been indicted. It was said by Finch, J., in

People v. Irving, 95 N. Y. 544, "We have held, of late, that mere charges or accusations, or even indictments, may not be so inquired into, since they are consistent with innocence, and may exist without moral delinquency." It seems quite clear, then, upon the record, that no legal obstacle stands between the petitioner and enjoyment of that to which she has the legal right. This, too, is conceded by the court below. The learned judge denies the right to immediate enjoyment only because the petitioner's acquittal in this proceeding might prejudice the people upon the trial of the indictment. This, however, is but a vague apprehension. The proceedings here would be inadmissible upon the criminal trial. The opposing parties here are not complainants there. Where, then, the prejudice? Surely not that, perchance, the jury in the criminal action may hear of the civil proceeding, and possibly be affected by its result. That is too unlikely and too remote to justify the withholding of an undoubted property right. But, even if the apprehension were more serious, that would not justify the indefinite postponement of the petitioner's enjoyment. There are two sides to this question of prejudice. The petitioner is prejudiced in her property rights by the refusal to act upon her petition. She may even need the fund in question to provide for her proper defense upon the criminal trial. Are the courts to grant or deny civil rights upon a balancing of expediencies? We think not. The petitioner's application should be granted or denied upon the facts properly before the court in this proceeding,—in other words, upon the pleadings and proofs of the parties. The court should not deny justice to the parties immediately before it upon the notion that the public good may be promoted by its temporary refusal to proceed according to law. What, then, are the allegations and proofs in this proceeding? The court below suggests that "by her application for the fund the petitioner solicits the equitable intervention of the court." This is hardly her position. She demands her legal right. It is those who would deprive her of that legal right who must come into equity. Ellerson v. Westcott, 148 N. Y. 149, 42 N. E. 540. If her legal rights have resulted from her iniquity, that must at least be pleaded and proved before a court of equity will prevent her from enjoying its fruit. Here we have not, in the entire record, a single allegation from any one that the petitioner murdered her mother. There being no allegation, there is naturally no proof, or attempt at proof. It may be said that the infants could not well make such an allegation. But that cannot be said of the adults. And even infants cannot deprive people of their legal rights, otherwise than secundum allegata et probata. Thus we have neither allegations nor proofs. This woman comes, and asks for what in law is her own. The answer is, "You have been accused of murder." Upon that the court dismisses her from its presence until she shall have secured an acquittal. In our judgment, this was a denial of the justice to which, upon the record, she was entitled.

The order should be reversed, and the application granted, but, under the circumstances, without costs either of this appeal or in the court below. All concur.