(17 Misc. Rep. 241)

### NEVADA BANK et al. v. CREGAN et al.

(Supreme Court, Special Term, New York County. May, 1896.)

1. ATTACHMENT—AFFIDAVIT—SOURCE OF INFORMATION.
   An affidavit made on information and belief is not sufficient, where it does not appear that affiant's informants had knowledge of the facts which they communicated, or where the belief of affiant is founded on the past record of defendant.

2. SAME—AMENDMENT—JURISDICTIONAL FACTS.
   On a motion to vacate an attachment on the original papers, a defect in the proof of jurisdictional facts cannot be supplied by additional affidavits.

Action by the Nevada Bank and others against James Cregan and others. Defendant Cregan moves to vacate the attachment on the original papers. Granted.

John Jeroloman, for the motion.
Charles Steele, opposed.

PRYOR, J. The defendant Cregan moves to vacate the attachment against him, because, among other reasons, of the insufficiency of the affidavit on which the warrant issued. The action is for the wrongful conversion of $20,000, and the ground of attachment that the defendant "is about to assign and dispose of his property with intent to defraud creditors." To authorize the attachment, it was incumbent upon plaintiffs to "show to the satisfaction of the judge granting the same" that the alleged cause of action exists against the defendant, and that he was about to dispose of his property with fraudulent intent. Code, § 636. The only proof of these facts is

afforded by the affidavit of George D. Bangs, a resident of New York, and "general manager of Pinkerton's National Detective Agency," from which it appears that he "had general charge of the proceedings resulting in the arrest of the defendant," and is "familiar with all the facts leading up to said arrest." The facts constituting the cause of action occurred in California, and it is not pretended that the affiant was there present, or has personal knowledge of any incident of the transaction. On the contrary, he avers the existence of the cause of action upon the authority of undisclosed letters and telegrams from the plaintiffs, of unspecified statements by the chairman of the American Bankers' Association, and of a printed publication which, besides lacking in authentication, does not purport to connect the defendant with the fraud on which the action proceeds. That an alleged confederate confessed the guilt of the defendant is ineffectual to inculpate him, because mere hearsay, and because of this confession itself the affiant does not appear to have any personal knowledge. The alleged indictment of the defendant in San Francisco is equally nugatory, since personal knowledge of the fact is not pretended; nor, in any event, would it be competent evidence against him. In re Fleming, 16 Misc. Rep. 442, 38 N. Y. Supp. 611. Thus vague, and unreliable, in a legal sense, is the affiant's information as to the cause of action, and that information he fails to verify by a profession of belief in its truth. It is not apparent that his informants had knowledge of the facts they communicated; nor, if they had, is the absence of affidavits by them excused.

As to the ground of attachment, the affidavit is still more defective. The only proof that the defendant is about to make a fraudulent disposition of his property is the belief of the affiant, founded upon the past record of the defendant and the fact that, being in prison, he is in constant communication with his attorney. That the affidavit on which the attachment issued is insufficient to uphold it is, upon the authorities, an obvious and inevitable conclusion. Kahle v. Muller, 57 Hun, 144, 11 N. Y. Supp. 26; Bank v. Loucheim, 55 Hun, 396, 8 N. Y. Supp. 520; McVicker v. Campanini (Sup.) 5 N. Y. Supp. 577; Ladenburg v. Bank, 87 Hun, 269, 33 N. Y. Supp. 821; Bank v. Alberger, 78 N. Y. 252; Monette v. Chardon, 16 Misc. Rep. 166, 37 N. Y. Supp. 2; Claflin v. Baere, 57 How. Prac. 78; Yates v. North, 44 N. Y. 271, 274; Hodgman v. Barker, 60 Hun, 156, 14 N. Y. Supp. 574; Hill v. Bond, 22 How. Prac. 272; Buell v. Van Camp, 119 N. Y. 160, 165, 23 N. E. 538; Crowns v. Vail, 51 Hun, 205, 4 N. Y. Supp. 324; Buhl v. Ball, 41 Hun, 61, 64; Ellison v. Bernstein, 60 How. Prac. 145; Smith v. Luce, 14 Wend. 237; Ex parte Robinson, 21 Wend. 672; Kingsland v. Cowman, 5 Hill, 608; Brewer v. Tucker, 13 Abb. Prac. 76; Thomas v. Dickinson, 11 N. Y. Supp. 436; De Nierth v. Sidner, 25 How. Prac. 419; Bennett v. Edwards, 27 Hun, 352.

The original affidavit being insufficient to support the attachment, plaintiffs offer to supply the defect by auxiliary proof. The distinction is to be observed between a technical irregularity, which

does not nullify the process, but only exposes it to attack and defeat, and a defect of jurisdictional facts, which avoids it ab initio and absolutely. The former, of which we have an instance in Lawton v. Reil, 34 How. Prac. 465, is susceptible of amendment. The latter is in its nature irreparable either by amendment or supplementary proof. Zeregal v. Benoist, 33 How. Prac. 129. Hence, upon a motion to vacate an attachment on the original papers, a defect in the proof of jurisdictional facts may not be supplied by additional affidavits. Brewer v. Tucker, 13 Abb. Prac. 76; Hill v. Bond, 22 How. Prac. 272; Lewisohn v. Kent & Stanley Co., 87 Hun, 257; 33 N. Y. Supp. 826; Ladenburg v. Bank, 87 Hun, 269, 33 N. Y. Supp. 821; Book Binding Co. v. Hart, 85 N. Y. 500; Bank v. Alberger, 75 N. Y. 179; Buhl v. Ball, 41 Hun, 61; Yates v. North, 44 N. Y. 271; Smith v. Arnold, 33 Hun, 484.

The attachment is challenged for further infirmities; but, since the insufficiency of the affidavit on which it was obtained is fatal to its validity, the arguments of counsel on other points need no consideration. It may be that the defendant is a criminal, and, by the vacatur of the attachment, will escape with his spoil; still, whatever my desire to frustrate his alleged villainy, I may not withhold even from him "the equal protection of the law."

Motion granted, with costs.