(17 Misc. Rep. 734)

### HOORMAN v. CLIMAX CYCLE CO.

(Supreme Court, Special Term, New York County, August, 1896.)

ATTACHMENT—AFFIDAVIT—AVERMENT OF FACTS.
    An unqualified averment of facts, of which it is not apparent that the deponent actually had, or from his situation probably had, personal knowledge, is insufficient to sustain an attachment.

(Syllabus by the Court.)

Action by Frederick C. Hoorman against the Climax Cycle Company. Defendant moves to vacate an attachment. Granted.

Charles S. Sinsheimer, for plaintiff.
Stillman F. Kneeland, for defendant.

PRYOR, J. On a motion to vacate an attachment for insufficiency of the affidavit on which it was obtained, the question is whether a positive averment of facts, of which it is not apparent that the deponent actually had, or from his situation probably had, personal knowledge, be competent proof of those facts. A warrant of attachment "is a summary provisional remedy, to take from a debtor the custody of his property, and, to support the remedy, the provisions of the statute in this respect must be substantially observed." Buhl v. Ball, 41 Hun, 61, 64; Bank v. Hall, 60 Hun, 466, 468, 15 N. Y. Supp. 208; Kahle v. Muller, 57 Hun, 144, 145, 11 N. Y.

Supp. 26.   Speaking to the case in hand, in order to an attachment,
it was incumbent upon the plaintiff to "show by affidavit, to the sat-
isfaction of the judge," that the defendant is a foreign corporation,
and that a cause of action exists against it for breach of contract.
Code, § 636.   The affidavit is by the plaintiff, and its allegations are:
That the plaintiff is assignee of the claim; that, before and at the
time of the transaction between his assignor and the defendant,
he was a resident of the city of New York; that the defendant is a
foreign corporation, organized and existing pursuant to the laws of
Illinois, and having its principal place of business in the city of
Chicago; that plaintiff's assignor, the New York Standard Watch
Company (a domestic corporation), through its agent, sold to the
defendant, at its request, certain goods, wares, and merchandise,
and delivered them to the defendant in Jersey City; that said goods,
wares, and merchandise were sold at the agreed and reasonable
price of $214, which the defendant promised to pay to the New York
Standard Watch Company; that no part thereof has been paid, al-
though demanded; and that plaintiff is entitled to recover said sum
of $214 over and above all counterclaims known to the plaintiff.
Of these facts, though affirmed absolutely, the plaintiff alleges no
personal knowledge; and no circumstance recited indicates an op-
portunity for him to be personally cognizant of them.   It is not ap-
parent that, before the assignment of the claim to him, he had any
relations with either party to the transaction; that he knew any offi-
cer or agent of either; nor that any one of the circumstances he
details occurred in his presence or within his observation.

The contention is that plaintiff's unqualified allegation of the facts
involves an implication of personal knowledge; but the presumption
is, rather, that, if he had such knowledge, he would have averred
it.   "Presumptions cannot be indulged to sustain an attachment."
Ladenburg v. Bank, 87 Hun, 269, 274, 33 N. Y. Supp. 821.   A verifi-
cation of a pleading must affirm its truth "to the knowledge of the
deponent."   Code, § 526.

In Buhl v. Ball, 41 Hun, 61, an affidavit by the agent of the plain-
tiffs stated that the plaintiffs' claim was $1,180 and interest over
and above all discounts and set-offs, and that they were entitled to
recover that sum over and above all counterclaims known to them.
On a motion to vacate the attachment, held:

"That the affidavit was insufficient; that, although it stated in unqualified
terms that the plaintiffs were entitled to recover the sum named over and
above all counterclaims known to the plaintiffs, yet as nothing appeared in
the affidavit which enabled the court to see how the deponent could know
that fact, or which showed the relations existing between him and the plain-
tiffs to be such as to raise a presumption, from the nature of the agency, that
he might have personal knowledge as to this fact, the proof as to the exist-
ence of the fact was defective."

In McVicker v. Campanini, 5 N. Y. Supp. 577, it was adjudged
by the general term of this department that:

"An affidavit made by a son of plaintiff, which states that plaintiff is ab-
sent from the state, and that he is entitled to recover a certain sum for breach
of contract, but which does not show that the affiant, as agent or otherwise,

personally conducted the business out of which the claim arises, nor discloses any circumstances tending to show that he had any knowledge enabling him to state the facts in the affidavit alleged positively and of his own knowledge, is insufficient to authorize the issuance of the writ."

In Bank v. Barker, 16 N. Y. Supp. 75, the same court ruled that an absolute averment of the forgery of notes, "where it did not appear that the affiant could have had personal knowledge of the fact, and there was no evidence to support the assertion," was insufficient to sustain an attachment.

In Bank v. Hall, 60 Hun, 466, 469, 15 N. Y. Supp. 210, while holding that the positive allegation by the president of a corporation imports personal knowledge as to a transaction by the corporation, Barrett, J., said, with the concurrence of Patterson, J.:

"I agree that a person who was not president at the time of the corporate transaction presumptively speaks of it upon information; and that the presumption of personal knowledge only arises when he swears positively to a corporate transaction, occurring at a time when he makes it clear that he was president."

Bank v. Loucheim, 55 Hun, 396, 8 N. Y. Supp. 520; Hill v. Light & Power Co. (Sup.) 14 N. Y. Supp. 517, 518; Thomas v. Dickinson (Sup.) 11 N. Y. Supp. 436, 438; Ellison v. Bernstein, 60 How. Prac. 145, 147; Kahle v. Muller, 57 Hun, 144, 145, 11 N. Y. Supp. 26; Barstow v. Darling, 81 Hun, 564, 565, 30 N. Y. Supp. 1033; Washburn v. Bank, 86 Hun, 397, 399, 33 N. Y. Supp. 505; Crowns v. Vail, 51 Hun, 204, 206, 4 N. Y. Supp. 324.

In the brief, the learned counsel for the plaintiff concedes, what, indeed, is obvious enough, that his client had no personal knowledge of the facts to which he swears, saying:

"The presumption is that, when the claim was transferred to the plaintiff, he was informed of the facts out of which the claim arose. If he had not been so informed, how could he have known when the goods were sold and delivered, or what price they fetched? That fact alone proves conclusively that somebody must have informed him thereof."

Deposing to the facts only upon information and belief, the plaintiff should have stated the source of his information and the grounds of his belief. Crowns v. Vail, 51 Hun, 204, 206, 4 N. Y. Supp. 324; Thomas v. Dickinson (Sup.) 11 N. Y. Supp. 436; Bank v. Cregan, 17 Misc. Rep. 241, 40 N. Y. Supp. 1065, and cases cited.

Attachment vacated, with costs.