(18 Misc. Rep. 88.)

### EINSTEIN v. CLIMAX CYCLE CO.

(Supreme Court, Special Term, New York County. September, 1896.)

ATTACHMENT—AFFIDAVIT BY ASSIGNEE.

An affidavit made by the assignee of a claim must state his means of knowing the facts sworn to, or circumstances from which such knowledge may be inferred.

Action by George Einstein against the Climax Cycle Company. Motion by a junior attaching creditor to set aside the first attachment. Granted.

Leventritt & Nathan, for plaintiff.
Henry Hoelljes, for attaching creditor.

RUSSELL, J. The motion to set aside the attachment in this action, being made by a junior attaching creditor, must be founded upon a strict legal right, or it cannot be granted. It is not made for any irregularity, but upon the claim that the affidavit for the

attachment was entirely insufficient to justify a process by which the defendant's property might be seized in advance of judgment. The affidavit is made by the assignee of the claim. Two jurisdictional averments were essential to support his application: First, the facts constituting the cause of action; and, secondly, the nonresidence of the defendant. The affiant swears to a positive statement as to each of these facts, but nowhere even hints at his means of knowledge, or gives any circumstances by which such knowledge may be inferred. The events out of which the cause of action sprang necessarily arose before there could be an assignment of the cause of action, for no assignment could be made unless the cause of action were complete. There is no hint of any contiguity to either of the parties, of even the relation of agent or attorney, and the only fact of which the affiant can have any presumed knowledge from participation in any of the events which gave to him a right of action is the assignment itself of the supposed claim. He is therefore presumed, upon a mere statement of his position, and from the one event of the assignment which he does know about, to have believed that facts had theretofore happened which did form a cause of action, and makes his statement upon information which produced that belief. He does not state the sources of that information or grounds of that belief, nor does he state in his affidavit any circumstance which justifies the presumption of knowledge that the defendant is a nonresident.

The theory of the verification of affidavits is that the courts may see that the affirmations of fact are made by a person who, from the situation, has a presumed knowledge of the events, or who gives such a reasonable statement of the sources of information as to justify the court, judging from the ex parte affidavit alone, in coinciding with the reasonableness of the belief. Such an object is not served by the affidavit in this case, and, for aught that appears, except for the bare fact of an assignment of the claim, the affidavit might have been made, as to the two principal facts to be alleged, by a stranger from the street. This view is directly sustained by the general term of the first department in Crowns v. Vail, 51 Hun, 204, 4 N. Y. Supp. 324. The counsel for the plaintiff here has an erroneous view of what was decided in Crowns v. Vail, as evidenced by the brief submitted by him in this action, and which would have given this court a misleading view of that case, were it not for an examination of it. The counsel says in his brief:

"Crowns v. Vail, 51 Hun, 204, 4 N. Y. Supp. 324. We have already referred to this case as authority to support our contention. In that case the affidavit was made by the plaintiff, who was the assignee of the claim. He did not swear that he had personal knowledge of the facts set forth. He merely swore that he had personal knowledge of the contents of the drafts and certificates of deposit therein described. He did not swear affirmatively that he had any knowledge in regard to the delivery of those drafts, etc. Nevertheless the attachment was sustained."

In that case a junior attaching creditor moved to vacate the attachment. The first question argued was whether the affidavit for the attachment was sufficient, and it was directly held that

the affidavit of an attorney, though stating facts positively, could not be presumed to have been made upon positive knowledge, and that it must appear affirmatively, or by fair inference, that the affiant had personal knowledge of the facts stated by him; that the affidavit in question was entirely insufficient, as the facts alleged must be presumed not to have been within the knowledge of the attorney, and the sources of information and grounds of his belief should have been stated.  A second question, however, arose in the case.  The plaintiff then attacked the standing of the junior attaching creditor on the ground that he did not have a valid lien by attachment, and so could not raise the question.  This necessitated an investigation into the strength of his moving papers for an attachment.  He sued as assignee, but stated that he had possession of the drafts sued upon, and personal knowledge of them, and the only criticism made upon his affidavit apparently was that he did not show a presumed knowledge sufficient to justify him in saying that no counterclaims or offsets existed against the assignors in favor of the defendants.  The court very clearly pointed out that this objection was untenable, because a different statement is required in regard to counterclaims from that necessary in regard to the cause of action and the residence.  The court only requires an averment that no counterclaims or offsets known to the plaintiff existed, and that statement was fully made in the affidavit of the junior attaching creditor.  Hence the affidavit was held to be sufficient.  Both by the authority of the opinion in Crowns v. Vail and the weight of its satisfactory reasoning is that case decisive of the present.  Justice Pryor also, at special term, in the present year, has similarly applied the rule in the case of an assignee of a claim in an opinion whose reasoning it is difficult to answer.  Hoorman v. Climax Cycle Co., 17 Misc. Rep. 734, 40 N. Y. Supp. 1067. The motion is granted.

Motion granted.