ACKER et al. v. SAYNISCH.

(Supreme Court, Appellate Term.   March 24, 1899.)

ATTACHMENT—SUFFICIENCY OF AFFIDAVIT.
    An affidavit for attachment is insufficient where it states the grounds on information and belief, without reciting the names of the informants or excusing the absence of their affidavits.

Appeal from city court of New York, general term.

Action by Acker, Merrall & Condit against Edmund Saynisch. From an order of the general term of the city court, reversing an order of the special term denying a motion made by subsequent judgment creditors to vacate an attachment theretofore granted (54 N. Y. Supp. 937), plaintiffs appeal.   Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

James Forrest, for appellants.
M. K. Kursheedt, for respondent.

MacLEAN, J.   The warrant of attachment was applied for and allowed herein upon the specific ground that the defendant, a resident of the city of New York, had departed therefrom with intent to defraud his creditors.   Code Civ. Proc. § 3169.   In support thereof it was necessary that the facts requisite to confer jurisdiction upon the court or judge be shown by the affidavit of a person primarily having knowledge of the facts set forth.   In this instance, however, all the statements as of fact were made upon information and belief, without reciting either the names of the informants or any excuse for the absence of their affidavits.   That the motion to set aside the attachment was made, not by the defendant, but by judgment creditors, was not good, as it was shown that the moving parties had obtained their judgment, and so acquired a lien upon the defendant's property after it was attached, and that their application to vacate the warrant was made before the actual application of the proceeds of the attached property to the payment of the judgment in the action of the plaintiff.   Code Civ. Proc. § 682.   The order of the general term of the city court should be affirmed, with costs.

Order of the general term of the city court affirmed, with costs. All concur.