WILLIAM F. ALTWORTH, Respondent, *v.* THOMAS FLYNN, Defendant; JAMES McCREERY et al., Appellants.

(Supreme Court, Appellate Term, October, 1899.)

Attachment — Affidavit.

> An attachment was granted upon an assigned claim, on an affidavit of one Henry D. Schutte, one of the assignors, stating that " he is a member of the firm of Schutte & Abbes, and that deponent's firm sold to the above-named defendant * * * goods * * * of the value of $311.16; that there are no payments, counterclaims or set-offs against said indebtedness ". The plaintiff deposed that " the defendant is indebted to deponent in the sum of $311.16 over and above all payments, counterclaims and set-offs, as near as they are known to deponent and as more fully appears from the affidavit of Henry D. Schutte, which is hereto annexed, and plaintiff begs leave to refer to his complaint, which is hereto annexed ". The complaint, which was on information and belief, did not state the sources or grounds thereof.
>
> Held, that the papers were fatally defective and that the attachment must be vacated at the instance of a subsequent attachment creditor, having a lien on the same property by levy under execution.
> (Altworth v. Flynn, 27 Misc. Rep. 838, reversed.)

APPEAL by judgment creditors of the defendant Flynn from an order of the General Term of the City Court, affirming an order of the Special Term of the City Court, denying a motion to vacate an attachment obtained by the plaintiff against the property of the defendant.

Eugene G. Kremer (Edwin L. Kalish, of counsel), for appellants.

Abraham A. Joseph, for respondent.

FREEDMAN, P. J.   On the 14th day of October, 1898, the plaintiff herein obtained an attachment against the property of the defendant upon the ground that the defendant was keeping himself concealed for the purpose of avoiding the service of the summons in this action.

On the same day James McCreery, Thomas Rosevear and James Crawford McCreery, the appellants herein, also obtained an attachment against the property of the said Flynn.

The attaching parties seized the same property, the levy of the plaintiff thereunder being prior to that of the appellants.   Subsequently, the appellants obtained a judgment in their action, issued an execution thereunder and levied upon the property previously taken under the attachments aforesaid.   Thereafter, the appellants, as judgment creditors, obtained an order to show cause why an order should not be made vacating the attachment obtained by the plaintiff herein upon the ground, among others, " that no sufficient cause of action for which an attachment could issue is shown to exist by the papers whereon the said warrant was granted, to show ·to the satisfaction of the justice granting the same, that a cause of action existed in favor of the plaintiff against the defendant, and, upon the further ground that the said papers do not show that said plaintiff is entitled to recover the sum claimed, over and above all counterclaims known to the plaintiff, and that no assignment to the plaintiff, or delivery of the merchandise, alleged to have been sold by the assignors, is shown in said papers."

The order was returnable at a Special Term of the City Court on the 26th day of October, 1898, and the motion was denied and the order denying the same was subsequently affirmed by the General Term of the City Court, from which last-named order this appeal is taken.

The appellants herein had a lien upon the property of the defendant by virtue of their levy under the execution issued· upon their judgment and were, therefore, in a position to attack the plaintiff's attachment.   Code Civ. Pro. § 682; Steuben County Bank v. Alberger, 75 N. Y. 179.

The plaintiff sues upon a claim for goods sold and delivered, and alleged to have been assigned to him, by the firm of Schutte & Abbes. The facts stated by the plaintiff in his application, as constituting a cause of action against the defendant, and the assignment thereof to the plaintiff, are embodied in the affidavits of H. D. Schutte and of the plaintiff himself.

Schutte testifies " that he is a member of the firm of Schutte & Abbes, and that deponent's firm sold to the above-named defendant, between May 26 and August 1, 1898, goods, wares and merchandise at prices agreed upon and of the value of $311.66; that there are no payments, counterclaims or set-offs against said indebtedness."

The plaintiff swears that " the defendant is indebted to deponent, in the sum of $311.66 over and above all payments, counterclaims and set-offs, as near as they are known to deponent and as more fully appears from the affidavit of Henry D. Schutte, which is hereto annexed, and plaintiff begs leave to refer to his complaint, which is hereto annexed and made a part hereof."

. It will be observed that the affidavit of Schutte contains no averment of the delivery of the goods sold, nor that the claim thereon was due or owing to his firm, nor that any assignment thereof had been made.

The affidavit of the plaintiff refers to the affidavit of Schutte only for the purpose of showing that the sum of $311.66 is " over and above all payments, counterclaims and set-offs." All the allegations of the complaint, to which reference is made by the plaintiff, are stated to be made " upon information and belief " only and do not state the source of the information nor the grounds of belief.

Affidavits made for the purpose of obtaining an attachment against the property of a debtor, containing these defects, have repeatedly been held to be insufficient, and attachments issued thereunder vacated and set aside. Hoormann v. Climax Cycle Co., 9 App. Div. 579; Belmont v. Sigua Iron Co., 12 id. 441; Einstein v. Climax Cycle Co., 18 Misc. Rep. 88; Acker v. Saynisch, 26 Misc. Rep. 836; 56 N. Y. Supp. 1025.

" The writ of attachment being the exercise of an extraordinary power, the right to it depends upon a strict compliance with the statute." Lacker v. Dreher, 38 App. Div. 75; 55 N. Y. Supp. 979.

If, from a reading of the complaint, an inference could fairly be drawn that the statements therein were made from personal knowledge, it might be said to be sufficient. Crowns v. Vail, 51 Hun, 204. But the averments therein are expressly alleged to be made upon information and belief, and the plaintiff does not furnish the slightest reason for not presenting the affidavits of the persons from whom his information must have been obtained. On the contrary, he presents the court with an affidavit made by one of his alleged assignors, which is wholly silent upon the question of delivery of the goods, time of credit and assignment to the plaintiff of the alleged cause of action.

A motion was made herein by the plaintiff for a dismissal of the appeal. An examination of the papers upon which the same is founded leads to a denial of that motion, and for the reasons stated herein the order of the General Term and of the Special Term of the City Court must be reversed.

Motion to dismiss appeal denied, with ten dollars costs, and order of the General Term and of the Special Term of the City Court reversed, with costs, and motion to vacate attachment granted, with ten dollars costs.

MacLean and Leventritt, JJ., concur.

Motion to dismiss appeal denied, with ten dollars costs, and order of General and Special Term reversed, with costs, and motion to vacate attachment granted, with ten dollars costs.