JOSEPH KAHLE, Plaintiff, *v.* HERMAN L. MULLER and CARL KNILLE, Defendants.

*Attachment — vacated when the affiant has no personal knowledge of the existence of the indebtedness — laches.*

Where, upon an application for an attachment, the allegations of the affidavit upon which it is based show that the affiant has no personal knowledge of the transaction creating the indebtedness, or give rise to a reasonable doubt upon that subject, the attachment should not be granted, or, if granted, should be vacated.

Section 682 of the Code of Civil Procedure gives an absolute right to apply to the court to vacate an attachment at any time before the actual application of the attached property, or the proceeds thereof, to the payment of the judgment recovered in the action in which the attachment is obtained.

Appeal by Welcome S. Jarvis, assignee for the benefit of creditors of the above-named defendants, from so much of an order made at Special Term in the above-entitled action, under date of April 22, 1890, as denied the motion of said assignee to vacate and set aside the attachment theretofore granted in the above-entitled action.

*A. P. Whitehead,* for Welcome S. Jarvis, assignee, appellant.

*Kopper & Jenks,* for the plaintiff, respondent.

Brady, J. :

The motion herein to be considered was made upon the insufficiency of the affidavit on which the attachment was granted, and the grounds were fully stated in the notice of motion served. The action was brought by a plaintiff, who is the second assignee of the claim presented, and there is neither an allegation that he knew personally of the indebtedness nor statements as to the sources of his information in regard to it, if he have any, other than the assignments which he sets up. The second paragraph of his affidavit begins, " Upon information and belief," and the other paragraphs begin, " That," etc., the phraseology not being changed in any respect mentioned ; so that the antecedent " information and belief " applies to all the averments, except, perhaps, such statements mingled with others as may be presumed to be within his knowledge. And these are only those that relate to the assignment to himself from the

first assignee of the claim, to his being the holder and owner of the claim, to the non-existence of counter-claims known to him; to the action having been brought for the cause stated and the fact that no previous application for an attachment had been made. The existence of the claim itself, the crucial point, is not, therefore, sustained by proof which is accepted by the courts as sufficient to warrant the issuing of the process of attachment. Assuming that, in form, the assertion of the indebtedness detached from the antecedent upon "information and belief" be sufficient, if it be apparent from the whole deposition that the affiant has no personal knowledge of the transaction creating the indebtedness, or if there be a reasonable doubt on that subject, springing from the allegations in reference to it, the attachment should not be granted or maintained.

It is an important and grasping process which, in a summary way, intervenes between the general creditors and the debtor's property, and should not issue unless sustained as to the debt at least by satisfactory *prima facie* evidence. Here it is not. The right to it is questionably stated — it may be said, ingeniously set forth — as it seems to be, while it is not asserted by proper allegations when they are carefully considered.

It is also well established that other affidavits cannot be employed to supply deficiencies in the original application where the motion to vacate rests upon the latter, which was the move adopted here. The laches charged upon the assignee of the debtors, who makes the motion, is fully answered, if, indeed, the plaintiff could avail himself of that factor, supposing it to exist. His reasons are as follows:

"Deponent further says that the reason why deponent did not sooner make the motion to vacate the attachment herein was that had the estate herein, realized the amount for which deponent supposed it was sold by the assignors prior to the assignment, there would have been sufficient assets over and above the attachment herein to have paid the amount which defendants had agreed to pay to creditors in Europe from their American assets, in full compromise of their indebtedness, and to pay all the American creditors in full; and it would have been a useless expense to the estate to make the motion under such circumstances. That afterwards, on account of enormous claims made by the vendees, deponent, with the knowledge

and consent of the plaintiff, rescinded the said sale as to goods undisposed of by the vendees, and said goods were afterwards sold at auction for very much less than they were supposed to be worth, so that the amount realized at said auction sale will, with all other assets of the estate in this country, be barely sufficient to pay the plaintiff the amount of his attachment, with costs and expenses, leaving little or nothing in deponent's hands for distribution among the general creditors; under these circumstances deponent deemed it his duty to make this motion.   That said auction sale did not take place until March 21, 1890, and deponent on the same day caused the motion papers herein to be served."

In addition to this, section 682 of the Code gives the absolute right to apply to vacate the attachment at any time before the actual application of the attached property or the proceeds thereof to the payment of a judgment recovered in the action.

The order appealed from should be reversed and the attachment vacated, with ten dollars costs and disbursements of this appeal.

Daniels, J., concurred; Van Brunt, P. J., concurred in the result.

Order reversed and the attachment vacated, with ten dollars costs and disbursements of this appeal.