Adolph Ladenburg and Others, Respondents, *v.* The Commercial Bank of Newfoundland, Defendant.

New York Produce Exchange Bank, Appellant.

*Warrant of attachment against a foreign corporation — jurisdictional facts — constitutional jurisdiction of the Supreme Court — residence of the plaintiff must be alleged — presumptions not indulged in to sustain attachments — motion to vacate an attachment — upon what papers heard — insufficiency of allegations on information and belief based on a cablegram.*

Unless the jurisdictional facts appear in the papers upon which a warrant of attachment is granted against a foreign corporation, the attachment must be set aside ; it is the plain meaning of the Code of Civil Procedure that it must appear by affidavit, to the satisfaction of the judge granting the warrant of attachment, that a cause of action exists of which the court has jurisdiction.

Ordinarily jurisdiction in a court of general jurisdiction need not be alleged, but where the provisions of the law are that the court shall have jurisdiction of a certain class of cases, only where certain facts exist, it is necessary to allege, in order to show that a cause of action exists, that the facts essential to such jurisdiction are present.

The provision of the Code of Civil Procedure in relation to actions against foreign corporations is not a restriction of the jurisdiction of the Supreme Court, but is rather an enlargement thereof and cannot be held to infringe in any way upon the constitutional provisions as to the jurisdiction of the Supreme Court.

In an action brought against a foreign corporation commenced by attachment, where the cause of action arose without the State of New York, the Supreme Court has no jurisdiction unless the plaintiffs are residents of the State of New York.

An allegation contained in an affidavit upon which a warrant of attachment is based, that the plaintiffs are a firm doing business as bankers in the city of New York, is not equivalent to an allegation that the plaintiffs are residents of the State of New York.

Presumptions cannot be indulged in to sustain a warrant of attachment; the facts necessary to sustain an attachment must be proved by affidavits to the satisfaction of the judge granting the same.

Where a motion is made to vacate an attachment upon the papers upon which it was granted, the attachment must stand or fall according to the sufficiency of those papers.

Allegations contained in an affidavit on which a warrant of attachment was granted, that the source of deponent's information and belief, as to the presentation and protest of a certain note and the giving of notice, is founded upon a cablegram received from the correspondent of the deponent's firm in London, are wholly insufficient to form any basis for judicial action.

The judge granting a warrant of attachment must be satisfied by the affidavits presented, and he cannot be satisfied by the satisfaction of the affiant. It is not the plaintiff in the action that is to be satisfied, it is the judge granting the attachment, and there is no judicial reason for the judge's satisfaction simply because the plaintiff is satisfied.

Where a party alleges in an affidavit certain facts upon information and belief, and states that the sources of his information are certain writings, the court is entitled to know what the writings are in order to see whether the affiant is justified in his belief or not.

Upon an application for a warrant of attachment it is necessary that there should be presented to the court, upon the face of the papers, facts establishing a reasonably certain right of recovery, and where the existence of certain facts is necessary to a recovery, unless such facts are shown, there is presented no right to recover nor is any cause of action shown to exist.

APPEAL by the New York Produce Exchange Bank, a junior attaching creditor, from an order of the Supreme Court, made at the New York Special Term on the 18th day of February, 1895, and entered in the office of the clerk of the county of New York, denying the appellant's motion to vacate a warrant of attachment, and also from an order made at the New York Special Term and entered in said clerk's office on the 25th day of February, 1895, denying the appellant's motion to resettle the order of February 18, 1895, with notice of an intention to bring up for review upon such appeal an order made by a justice of the Supreme Court on the 18th day of February, 1895, permitting the plaintiffs to file additional affidavits *nunc pro tunc* as of December 10, 1894, so far as the same affects the rights of the appellant already acquired.

*J. A. Mapes*, for the appellant.

*Jacob Steinhart*, for the respondents.

VAN BRUNT, P. J.:

This is an appeal from an order made upon a motion by a subsequent attaching creditor to set aside a prior attachment upon the papers upon which it was granted. No question is presented as to the status of the moving party, and the only points brought up for review are those arising on the papers upon which the first attachment was granted, and the right of the court after the making of the motion to set the same aside upon the papers upon which it was granted to allow the introduction of amendatory affidavits.

The attachment sought to be set aside was granted upon the affidavit of one of the plaintiffs, which alleged that the defendant was a foreign corporation organized and existing under the laws of the Dominion of Canada doing business at St. Johns, Newfoundland; that a cause of action existed in favor of the plaintiffs against the defendant to recover a sum of money of the character mentioned in the act authorizing attachment; that the plaintiffs were bankers in the city of New York and the defendant was a banking corporation, and that on the 19th of November, 1894, at St. Johns, Newfoundland, the defendant made certain bills of exchange dated on that day and directed the same to the London and Westminster Bank of London, and by said draft required said London and Westminster Bank to pay to the order of themselves (evidently meaning the drawers of the drafts) sixty days after sight a certain sum of money. The affidavit further stated that thereupon the said defendant indorsed and delivered said bills of exchange to the National Bank of the Republic of the city of New York, who sold the same to the plaintiffs.

The affidavit then alleges upon information and belief that said bills of exchange were thereupon presented to the London and Westminster Bank at London for acceptance on or about the 7th day of December, 1894, but the same were not accepted and were thereupon duly protested for non-acceptance, of all of which due notice was given to the defendant, and payment of the defendant was thereupon demanded. The affidavit further alleges that the sources of the deponent's information and belief were a cable received from the correspondent of deponent's firm in London, and that no part of said acceptance had been paid, and there was then due from the defendant to the plaintiffs a certain sum over and above all counterclaims.

The ground which was insisted upon in the court below for the vacation of the attachment was that it appearing that the defendant was a foreign corporation, and that the cause of action arose out of this State, and it not appearing that the plaintiffs or any of them were residents of this State, this court had no jurisdiction to entertain the action. It has been held repeatedly in this department that unless the jurisdictional facts appear in the papers upon which an attachment is granted against a foreign corporation the attach-

ment must be set aside, and that the plain meaning of the Code is that it must appear by affidavit that a cause of action of which the court has jurisdiction exists to the satisfaction of the judge granting the warrant. It is undoubtedly true that ordinarily jurisdiction in a court of general jurisdiction need not be alleged. But where the provisions of the law are that a court shall have jurisdiction of a certain class of cases only where certain facts exist, it is necessary to allege, in order to show that a cause of action exists against such a defendant, that the facts essential to jurisdiction are present. It would be idle to require the establishment by affidavit of the existence of a cause of action of which the court had no jurisdiction as a prerequisite to the issuing of this extreme remedy. As has already been shown, it was the intention of the Code, before the issuing of the writ, to require that the judge called upon to issue the same should be satisfied that there was a right of recovery. And in an action against a foreign corporation no right of recovery exists unless the jurisdictional facts are shown.

It has been suggested that the Legislature had no power to limit the jurisdiction of the Supreme Court by the alleged restrictions which it has placed upon it by the provisions of the Code. An examination of the law, however, seems to establish the fact that every provision of the statute, instead of being a restriction of jurisdiction, has been an extension thereof. The Supreme Court, prior to the provisions contained in the Revised Statutes (Vol. 2, p. 459, § 15), had no jurisdiction against foreign corporations unless it could obtain jurisdiction of the persons of such corporations. Then this jurisdiction was enlarged by the enactment in question, which provided that suits brought in the Supreme Court *by a resident of this State* against any corporation created by or under the laws of any other State, government or country for the recovery of any debt, claim or demand, might be commenced by attachment. This seems to have been the first legislation authorizing a proceeding *in rem* against a foreign corporation, and then such proceedings could only be instituted by a resident of the State. In 1849, by chapter 107, the 15th section of the Revised Statutes was amended as follows: " Suits may be brought [in the Supreme Court, in the Superior Court of the city of New York, and in the Court of Common Pleas in and for the city and county of New York] against any

corporation created by or under the laws of any other State, government or country for the recovery of any debt or damages, whether liquidated or not, arising upon contract made, executed or delivered within this State, or upon any cause of action arising therein. Such suits may be commenced by complaint and summons, together with an attachment as now provided by law," etc.

By this legislation the jurisdiction of the Supreme Court was extended to all causes of action arising within this State. In the same year section 427 was added to the Code of Procedure, which gave the courts above mentioned jurisdiction in actions against foreign corporations in cases where such action was brought by a resident of this State for any cause of action, and in cases where such action was brought by a non-resident of this State when the cause of action should have arisen or the subject of the action should be situated within the State; again increasing the jurisdiction of the courts in actions against foreign corporations.

This jurisdiction remained in this condition until the enactment of section 1780 of the Code of Civil Procedure, where it was provided that an action against a foreign corporation might be maintained by a resident of the State or by a domestic corporation for any cause of action, and that an action against a foreign corporation might be maintained by another foreign corporation or by a non-resident in one of the following cases only :

1. Where the action is brought to recover damages for the breach of a contract made within the State, or relating to property situated within the State at the time of the making thereof.

2. Where it is brought to recover real property situated within the State, or a chattel which is replevied within the State.

3. Where the cause of action arose within the State, except where the object of the action is to affect the title to real property situated without the State.

It will thus be seen that by the legislation which has taken place there has been no restriction of jurisdiction, but rather an enlargement thereof. Such being the case, such legislation cannot be held to have in any way infringed upon the constitutional protection of the jurisdiction of the Supreme Court; and, therefore, in the case at bar, the cause of action having arisen out of this State, the Supreme Court has no jurisdiction unless the plaintiffs are residents.

It is urged upon the part of the respondents that the allegations in the affidavit state that the plaintiffs are residents of the State of New York. An examination of this affidavit, however, will show that it contains no such allegations. All that it alleges is that the plaintiffs are a firm doing business as bankers in the city of New York. They may have resided in New Jersey, in Connecticut or in Europe, and yet this allegation be perfectly true. It is urged that no case can be found in the books that any similar statement is held to be an insufficient allegation of residence in the absence of express contradictory evidence. It may possibly be that no such case can be found, because it never before, perhaps, had been claimed that such an allegation is equivalent to an allegation of residence. In fact, we find in the provisions of the law in regard to supplementary proceedings an express provision recognizing the fact that doing business in a location is not residence; because an execution to form the foundation for the examination of a debtor in such proceedings may be issued to the sheriff of the county where the judgment debtor has, at the time of the commencement of the proceeding, a place for the regular transaction of business in person, or to the sheriff of the county where he resides, if he is a resident of the State. It is apparent, therefore, that an allegation that a party is doing business is by no means an allegation of residence.

Our attention is called to cases where presumptions have been indulged in for the purpose of establishing residence. But presumptions cannot be indulged in to sustain an attachment, because the facts necessary to sustain the attachment must be proved by affidavit to the satisfaction of the judge granting the same; not by presumption, but by affidavit. It would seem, therefore, that the allegations contained in these papers were insufficient to establish residence.

We then come to consider the question as to whether additional papers could be allowed to be filed *nunc pro tunc* for the purpose of sustaining the attachment. The rule seems to be thoroughly well settled that where a motion is made to vacate an attachment upon the papers upon which it was granted, the attachment must stand or fall according to the sufficiency of those papers. (*Trow's Printing, etc., Co.* v. *Hart*, 85 N. Y. 500; *Steuben County Bank* v. *Alberger*, 75 id. 179; *Yates* v. *North*, 44 id. 271; *Smith* v. *Arnold*, 33 Hun, 484; *Kahle* v. *Muller*, 57 id. 144.)

There is another defect in the papers presented which, although attention has not been called to it by the counsel for the appellant, in view of the conclusion at which we have arrived upon the other branch of the case, we do not think should be passed unnoticed. The allegation is that the source of deponent's information and belief as to the presentation and protest of the note in question and the giving of notice is founded upon a cable received from the correspondent of the deponent's firm in London. This is wholly insufficient to form any basis of judicial action. The judge granting the attachment must be satisfied by the evidence presented, and he cannot be satisfied by the satisfaction of the affiant. It is not the plaintiff that is to be satisfied; it is the judge granting the attachment; and there is no judicial reason for the judge's satisfaction simply because the plaintiff is satisfied, which is all that such an allegation amounts to. The affiant is satisfied of the fact because of the cable; but what is in the cable the court is not informed, and it is impossible for it to tell whether the affiant's satisfaction is justified by the cable or not. Being a party interested he may have been satisfied and have believed without the slightest foundation for any such satisfaction or belief. Where a party alleges upon information and belief, and states that the sources of his information are certain writings, the court is entitled to know what the writings are in order to see whether the affiant is justified in his belief or not. In other words, on these applications facts, not inferences, must be presented. *Steuben County Bank* v. *Alberger* (78 N. Y. 252); *McCulloh* v. *Aeby & Co.* (31 N. Y. St. Repr. 125), and other cases might be cited.

To sum up the whole matter, it would seem that it is necessary that there should be presented to the court, upon the face of the papers, facts establishing a reasonably certain right of recovery, and where the existence of certain facts is necessary to a recovery, unless such facts are shown, there is presented no right to recover, nor is any cause of action shown to exist.

Notwithstanding that the main question involved on this appeal has been determined by this court repeatedly, in view of the magnitude of the interests involved, and the interesting argument presented upon the part of the appellant, it has been thought necessary

to amplify somewhat in order that the position of the court might be clearly understood.

The orders appealed from should be reversed, with costs, and the motion to vacate the attachment granted, with costs.

O'BRIEN and FOLLETT, JJ., concurred.

Orders reversed, with costs, and motion to vacate attachment granted, with costs.