(Supreme Court, Special Term, New York County.   February, 1896.)

AWARD OF COMMISSIONERS—SETTING ASIDE—APPEAL—STAY.
   An order at special term of the supreme court setting aside an award of commissioners and appointing new ones is an order affecting a substantial right, within Code Civ. Proc. § 1347, and may therefore be stayed pending an appeal.

Action by the Manhattan Railway Company against O'Sullivan and others.   Motion by defendants for stay on an appeal from an order of the special term setting aside the award of commissioners. Granted.

Davies, Short & Townsend, for plaintiff.
Evarts, Choate & Beaman, for defendants.

LAWRENCE, J.   This is a motion for a stay on an appeal from an order of the special term setting aside the award of commissioners. The order appealed from awarded to the defendants $75,000.   That order has been set aside, and new commissioners appointed in the proceeding.   The trial before the old commissioners occupied several months, and involved large legal expenses.   It is claimed on the part of the railway company that the court has no power to grant such a stay, for the reason that the order is not a final, but an interlocutory, order.   I am of the opinion that it is within my power to grant a stay under the general provisions of section 1347, Code Civ. Proc. The order affects a substantial right, and it would seem to be a great hardship to compel the property owners to go on with another proceeding, before a new set of commissioners, before having the question determined whether the order setting aside an award for $75,000 was or was not erroneous.   See, also, section 3382, Code Civ. Proc.   Motion granted upon condition that the appellants stipulate to argue the appeal before the appellate division at the March term, and give an undertaking to pay all costs and damages, not exceeding the sum of $500.   Settle order on one day's notice.

---

### FOSTER v. ELECTRIC HEAT REGULATOR CO.

(Supreme Court, Special Term, New York County.   February, 1896.)

1. SUMMONS—ORDER FOR PUBLICATION—JURISDICTION.
   Code Civ. Proc. § 1780, provides that an action against a foreign corporation may be maintained by a resident of the state, or by a domestic corporation, for any cause of action.   Section 439 provides that an order of

publication must be founded upon a verified complaint showing a sufficient cause of action against the defendant to be served, etc. *Held*, that the court has no jurisdiction to order publication of summons in an attachment against a foreign corporation, where the verified complaint does not show that plaintiff is a resident of the state.

2. SAME—AMENDMENT OF COMPLAINT.

Where, in an attachment against a foreign corporation, the court orders publication of summons in the absence of an allegation that plaintiff is a resident of the state, as required by Code Civ. Proc. §§ 439, 1780, the defect cannot be cured by an amendment of the complaint nunc pro tunc.

Action in attachment by Foster against the Electric Heat Regulator Company. There was an order for the service of summons by publication, and defendant moves to vacate it. Granted.

E. A. S. Man, for plaintiff.

Oliver C. Semple, for defendant.

LAWRENCE, J. In this case, the defendant, for the purposes of motion only, appears and moves to vacate an order for the service of the summons by publication, dated and filed on the 26th day of September, 1895, together with any service of such summons made thereunder. The motion is made upon the papers on file, on the ground of want of jurisdiction in the justice making said order —First, because the justice making such order was then and there without power to make the same, for want of a verified complaint showing a sufficient cause of action against the defendant directed to be served; second, because this court was then and there without jurisdiction of the cause of action set forth in the complaint, as appears upon the face of such complaint, under section 1780 of the Code of Civil Procedure.

Section 1780 of the Code of Civil Procedure provides that an action against a foreign corporation may be maintained by a resident of the state, or by a domestic corporation, for any cause of action. Section 439 of the Code of Civil Procedure provides that the order of publication must be founded upon a verified complaint showing a sufficient cause of action against the defendant to be served, etc. It was held by the general term of this department in Ladenburg v. Bank, 87 Hun, 269, 33 N. Y. Supp. 821, that in an action brought against a foreign corporation, commenced by attachment, where the cause of action arose without the state of New York, the supreme court has no jurisdiction, unless the plaintiffs are residents of the state of New York. It was held in the case of Bryan v. Publishing Co., 112 N. Y. 382, 19 N. E. 825, that to authorize an order under Code Civ. Proc. § 438, directing service of summons by publication on the ground that the defendant is a nonresident, not only is an affidavit of nonresidence necessary, but also a verified complaint showing a sufficient cause of action against the defendant to be served (Code Civ. Proc. § 439), and that the case is one of which the court can take cognizance. And in Paget v. Stevens, 143 N. Y. 172–177, 38 N. E. 273, the court say that, under the provisions of the Code of Civil Procedure providing for the service of a summons by publication upon a defendant out of the state (sections 438, 439), which require that the order directing such a service shall be

founded upon a verified complaint showing a sufficient cause of action against a defendant to be served, it is not sufficient that the complaint set forth facts sufficient to constitute a cause of action; the cause of action must be one of which the court can take cognizance. It is apparent from these decisions that, where an action is brought against a foreign corporation, all the facts required by section 1780 must be set forth in a verified complaint, in order to enable the plaintiff to obtain an order of publication, and to give the court jurisdiction for that purpose. In this case it was necessary, under section 1780, that the plaintiff, in his complaint, should show that he was a resident of this state. There was no such allegation in the verified complaint which was submitted to the learned justice who granted the order of publication. On the contrary, it appeared from the contract, which was set forth at length in the complaint, that both plaintiff and defendant were nonresidents. The plaintiff relies upon an order made by one of the justices of this court, permitting him to amend his complaint nunc pro tunc; but, as the defect in the first instance was jurisdictional, the amendatory order is of no avail. See Ladenburg v. Bank, 87 Hun, 274, 33 N. Y. Supp. 821, and cases cited. In the Ladenburg Case it had been held at the special term that the defect could be cured by an affidavit filed nunc pro tunc, but the general term, as already stated, did not concur in that view. I am of the opinion, therefore, that this motion must be granted. Settle order on one day's notice.