(21 Misc. Rep. 308.)

MANDA v. WELLS, FARGO & CO.

(Supreme Court, Appellate Term. October 1, 1897.)

1. CARRIERS OF GOODS—CONVERSION—PLACE OF.
Goods of the plaintiff, a resident of New Jersey, were shipped from Lenox, Mass., to Orange, N. J., under a contract for through carriage made between him and the Adams Express Company, the goods to be turned over at New York to the defendant, a foreign corporation, as connecting carrier. The latter tendered delivery at Orange, but only upon condition of the payment of alleged exorbitant charges, and, on plaintiff's refusal, retained the goods under a claim of right. *Held*, that defendant's conversion of the goods took place at Orange, and so constituted no ground for jurisdiction of the action under Code Civ. Proc. § 1780.

2. SAME—WHAT CONSTITUTES CONVERSION.
*Held*, further, that the mere intent on the part of a carrier, prior to delivery, to collect exorbitant charges for the carriage of goods, does not constitute conversion, and so evidence that such an intent existed in New York, in respect to goods to be delivered in New Jersey, would not give the New York courts jurisdiction, under Code Civ. Proc. § 1780.

3. SAME—CONNECTING CARRIERS—CONTRACTS.
*Held*, further, that while defendant's responsibility for safe carriage and delivery did not attach until it received the goods, this attachment of responsibility was not a new contract made in New York, so as to give jurisdiction, under Code Civ. Proc. § 1780, but that defendant merely assumed custody in performance of the executory contract made at Lenox.

Appeal from city court of New York, general term.

Action by Albert A. Manda against Wells, Fargo & Co., as connecting carrier, for the alleged conversion of personal property. From a judgment of the general term of the city court, affirming a judgment at the trial term directing a dismissal of the complaint for want of jurisdiction to entertain the action, plaintiff appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Hector M. Hitchings, for appellant.

Charles W. Pierson, for respondent.

BISCHOFF, J. The plaintiff sued to recover for the alleged conversion of certain plants shipped by his agent from Lenox, Mass., to

Orange, N. J., via the defendant's express line, as connecting carrier. The contract of carriage was entered into with, and the plants delivered to, the Adams Express Company, as the initial carrier, at Lenox. From the latter place the plants were forwarded to the city of New York, and there delivered to the defendant to be further forwarded to Orange. At Orange the plants were tendered to the plaintiff, who refused to receive them because the tender was, as claimed, accompanied with a demand of payment of exorbitant charges as a condition of delivering to him, he having offered at the time to pay at the rate of alleged agreed charges, to which the defendant's agents declined to accede. From the pleadings it appeared that the defendant is a corporation formed under the laws of Colorado, and upon the trial the plaintiff admitted that he was at the time of the commencement of this action and at the time of the trial a resident of Orange. The trial court dismissed the complaint, and from an affirmance of the judgment of such dismissal an appeal was taken to this court.

That the court below was without jurisdiction to entertain the action because of the nonresidence of the plaintiff and defendant at the time of its commencement seems clear to demonstration. Code Civ. Proc. § 1780; Perry v. Transfer Co. (Com. Pl.) 19 N. Y. Supp. 239; Robinson v. Navigation Co., 112 N. Y. 315, 19 N. E. 625. The plaintiff, however, insists that the facts are within the exceptions of the Code provisions referred to, in that it appears (1) that the contract of carriage, so far as it concerns the defendant, was made within this state; (2) that the property alleged to have been converted was situated within this state when the contract was made; and (3) that the cause of action arose within this state. Neither of these contentions is to be upheld. We concede that the defendant's responsibility for the safe carriage and delivery of the plants to the plaintiff did not attach until delivery of them to it by the initial carrier, which we have assumed was in the city of New York. Still the mere attachment of such responsibility was not a new contract, but was pursuant to, and in furtherance of, the executory contract entered into at Lenox—at which place the plants were at the time—by the plaintiff's agent with the initial carrier, acting for itself and the defendant. Though the defendant's responsibility was in suspense before the plants reached its custody, it plainly assumed such custody in performance of the contract made at Lenox. This, we think, is too clear to require further discussion. Maghee v. Transportation Co., 45 N. Y. 514, 521.

The only remaining contention is founded upon the presence in the defendant's waybill of a memorandum of the alleged exorbitant charges, and from this it is argued that there was at the time an intention upon the part of the defendant to insist upon the payment of such charges, and therefore a conversion of the plants. To this we might reply that the record is destitute of all evidence tending to show where the memorandum was made or the bill was issued. We do not overlook the fact that the bill is inscribed, "From New York Depot to Orange, N. J.," but the unchallenged evidence was that the defendant's so-called "New York Depot" is at Jersey City, N. J. If

we agree, therefore, that the memorandum alluded to was sufficient evidence of a conversion when it was made, we are nevertheless unable to say that the conversion took place, or that the cause of action arose, within this state. Waiving the point, however, and assuming that the waybill was issued within this state, we are confident that the evidence relied upon by the plaintiff was not sufficient. No wrong is to be imputed from a mere emotion of the mind. People v. Cook, 8 N. Y. 67, 79. The defendant had lawfully acquired the possession of the plants, and with the consent of the plaintiff retained such possession, charged with the contractual duty of forwarding the plants to their ultimate destination,—a duty which it concededly performed. There was nothing hostile in this to the plaintiff's ownership or right of possession. The defendant may have mistaken its proper charges, or even intended to collect exorbitant charges, but it is not a reasonable inference or deduction therefrom that it intended to assert a lien for such charges, and to detain the plants until such exorbitant charges were paid to it. To so conclude, it seems to us, would be to proceed upon the merest conjecture or surmise. Unquestionably, mere words may be sufficient to show a conversion, but where they are relied upon it should appear that they were "uttered under such circumstances, in proximity to the property, as to show a defiance of the owner's right, a determination to exercise dominion and control over the property, and to exclude the owner from the exercise of his rights." Gillet v. Roberts, 57 N. Y. 28, 33. As we view the facts, there was no conversion until the defendant asserted its right to detain the plants upon the plaintiff's refusal to pay more than the proper charges. This was concededly at Orange. Hence the cause of action arose there. Perry v. Transfer Co., supra.

The judgment should be affirmed, with costs. All concur.