(28 App. Div. 463.)

BOGERT v. OTTO GAS–ENGINE WORKS.

(Supreme Court, Appellate Division, Second Department.   April 19, 1898.)

ACTION AGAINST FOREIGN CORPORATION—ALLEGATION OF RESIDENCE.
    In an action against a foreign corporation, an allegation in the complaint that plaintiff is engaged in business in this state is not equivalent to the allegation of residence required, under Code Civ. Proc. § 1780, to establish jurisdiction.

Appeal from special term, Queens county.

Action by John L. Bogert against the Otto Gas-Engine Works. From an order denying a motion to vacate an order directing the service of the summons by publication, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Charles H. Broas, for appellant.
Francis W. Cheesman, for respondent.

PER CURIAM.   Section 1780 of the Code of Civil Procedure provides that an action against a foreign corporation may be maintained by a resident of the state, for any cause of action. The complaint alleges merely that the plaintiff is engaged in business in this state, and does not allege that he is a resident, and further alleges that the defendant is a foreign corporation. The allegations of the complaint are insufficient to establish jurisdiction. Upon the complaint and an affidavit which sets up no other jurisdictional facts, the order was granted for the publication of the summons. We think this was error. The allegation of the transaction of business within this state is not equivalent to an allegation of residence, and the failure of the plaintiff to allege residence within the state is a fatal defect.

The order is reversed, with $10 costs and disbursements.