plumbing. The plumber found that the soil pipe under the cellar was earthen, after the fashion of a generation ago; that part of it was broken; that calking had fallen from it; that the smoke left a stain on parts of the ascending soil pipe; that a basin had been broken; that the leader pipe from the bay window had rusted off, where it connected with the soil pipe; and that water stood under the cellar floor. But there was no evidence of odors or gases therefrom, or of lack of vent for any exhalations to escape from below the cellar, without passing into the house. Repair of these defects, when learned, was highly advisable. To charge the plaintiff with the expense thereof, it was necessary to show that she was liable therefor. It needed no expert testimony, however, to show that these defects called only for repairs, and in no way justified the substitution of new material, a change of the system, and the adoption of devices now required by the authorities in new buildings, but which were known in relatively few houses when any one now arrived at man's estate was born. The defendant failed to sustain his counterclaim. For the allowance of the greater part of it, the judgment should be reversed, with costs.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event.

---

(28 Misc. Rep. 112.)

O'REILLY v. NEW BRUNSWICK, A. & N. Y. STEAMBOAT CO.

(Supreme Court, Appellate Term. June 28, 1899.)

1. JURISDICTION—RESIDENCE OF PLAINTIFF—PLEADING.
    Under Code Civ. Proc. § 1780, which provides that a resident of the state or a domestic corporation may maintain an action against a foreign corporation, a complaint in an action for damages brought by a resident against a foreign corporation which does not allege that plaintiff is a resident should be dismissed, as not stating facts sufficient to constitute a cause of action.

2. PROOF OF RESIDENCE—DISMISSAL.
    Even if it were not necessary to allege the fact of residence, failure to offer any proof thereof after the fact had been brought in question would warrant a dismissal.

Appeal from city court of New York, general term.

Action by James O'Reilly against the New Brunswick, Amboy & New York Steamboat Company. From a judgment in favor of plaintiff, affirmed at general term (55 N. Y. Supp. 1133), defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Hyland & Zabriskie, for appellant.
Stewart & Macklin, for respondent.

FREEDMAN, P. J. This action was brought to recover damages for the alleged negligence of the defendant. It appears that the plaintiff was the owner of the canal boat Julia C. Driscoll; that on January 28, 1895, this boat was lying at a dock on the Raritan river;

and that the defendant was the owner of the steamer New Bruns-
wick, then navigating the waters of said river. It is claimed by
the plaintiff that on the morning of that day the steamer, while
proceeding rapidly on her way down the stream,—the river then
being full of ice,—caused the ice to be forced so strongly against the
canal boat as to cut a hole in her side, causing her to sink, and for
the loss this action was brought. The case was tried in the city
court (55 N. Y. Supp. 1133) before a jury, and was sharply contested.

The most important question presented by the appeal relates to
the jurisdiction of the city court to entertain the action. The de-
fendant is a foreign corporation, organized and existing under and
by virtue of the laws of the state of New Jersey, and the cause of
action founded upon the sinking of the boat arose in New Jersey;
and for these reasons the defendant insists that the jurisdiction of
the court depends, under section 1780 of the Code, upon the fact of
plaintiff's residence within this state. The question was raised at
the commencement of the trial by motion to dismiss the complaint
on the ground of insufficiency, in not stating that the plaintiff is a
resident, and at the close of plaintiff's case, and the close of the
whole case by motion to dismiss. The motion was in each instance
overruled, and the defendant duly excepted.

The city court, although a court of record for certain purposes,
is a local court, and a court of limited jurisdiction. Code Civ. Proc.
§§ 315–318. Under section 315 of the Code, however, it has, and for
a long period prior to the commencement of the present action had,
jurisdiction of an action against a foreign corporation wherein the
complaint demands judgment for a sum of money only. But sec-
tion 1780 of the Code further prescribes that a resident of the state
only may maintain an action against a foreign corporation for any
cause of action, and that a nonresident may maintain against a
foreign corporation only certain actions therein specifically enu-
merated. This section applies to the supreme court as well as to the
city court, and it makes the residence of the plaintiff a jurisdic-
tional fact in every case which is not one in which a nonresident is
expressly permitted to sue. The section reads as follows:

"Sec. 1780. An action against a foreign correspondent may be maintained
by a resident of the state, or by a domestic corporation, for any cause of action.
An action against a foreign corporation may be maintained by another foreign
corporation, or by a non-resident, in one of the following cases only: (1)
Where the action is brought to recover damages for breach of a contract made
within the state, or relating to property situated within the state at the time
of the making thereof. (2) Where it is brought to recover real property situ-
ated within the state, or a chattel, which is replevied within the state. (3)
Where the cause of action arose within the state, except where the object of
the action is to affect the title to real property situated without the state."

The case at bar is not one in which the plaintiff, if he be a non-
resident, is permitted by section 1780 to sue; and the question
therefore arises whether it was necessary for him to set forth in his
complaint the jurisdictional fact that at the time of the commence-
ment of the action he was a resident of this state, and what course
the defendant must pursue in order to raise the question of jurisdic-
tion. The authorities bearing upon these points are numerous and

very conflicting, and they cannot well be reconciled. In some of them it was held that, where the want of jurisdiction by reason of plaintiff's nonresidence does not appear on the face of the complaint, the 'objection cannot be taken by demurrer. Fisher v. Insurance Co., 14 Abb. N. C. 32; Gurney v. Railway Co. (Sup.) 13 N. Y. Supp. 645. In some of them it was held that the nonresidence of the plaintiff in an action against a foreign corporation is matter in abatement merely, and is waived by appearing and pleading in bar. Downes v. Bank, 6 Hill, 297; Root v. Railway Co., 65 Barb. 619, affirmed in 55 N. Y. 636, on another point.

In McCormick v. Railroad Co., 49 N. Y. 303, Folger, J., said:

"We will assume that the plaintiff was at no time a resident of this state. * * * The cause of action was of that nature that, although it arose in another state, the court below had jurisdiction of the subject-matter of the action. * * * We hold that, where the court has jurisdiction of the subject-matter or cause of action, consent may confer jurisdiction of the person, and that such consent may be expressed by a foreign corporation by appearing by attorney and answering generally in the action."

At the time the cause of action in this case accrued, and also at the time of the decision of the case, section 427 of the old Code was in force, which read as follows:

"Sec. 427. An action against a corporation created by, or under the laws of any other state, government, or country, may be brought in the supreme court * * * in the following cases: (1) By a resident of this state, for any cause of action. (2) By a plaintiff not a resident of this state, when the cause of action shall have arisen, or the subject of the action shall be situated within the state."

The subsequent case of Pease v. Railroad Co., 10 Daly, 459, in which the question arose under section 1780 of the Code of Civil Procedure, was decided on the strength of McCormick v. Railroad Co., supra.

In Gundlin v. Packet Co., 31 Abb. N. C. 437, 28 N. Y. Supp. 572, it was held, substantially, that, although the complaint failed to aver plaintiff's residence, the defendant could raise and litigate the question under a general denial, and that if, thereupon, a conflict of evidence arose upon the point, it was the province of the jury to determine the conflict.

In Root v. Railway Co., supra, it was added:

"No question was made on the trial that the plaintiff was a nonresident. It might be that the plaintiff could prove himself a resident of the state, had the question been raised."

The concurring opinion of Van Brunt, P. J., in Gurney v. Railway Co., supra, also shows that the question of jurisdiction may be raised at the trial.

In Barker v. Steamship Co., 91 Hun, 495, 36 N. Y. Supp. 256, the complaint did allege the plaintiff's residence; and at the trial no question of jurisdiction was raised, and a general verdict was rendered for the plaintiff. In his opinion, Follett, J., says:

"* * * The defendant asked no questions of the plaintiff in respect to his residence, and gave no evidence on that issue. * * * The testimony does not conclusively show that the plaintiff was not a resident of this state when the action was begun, and the presumption of jurisdiction is not rebutted.

If it can be said that the evidence is capable of different inferences as to the place of residence of the plaintiff, the answer is that the jury has drawn the inference and determined the question in his favor. * * * The issue in respect to the plaintiff's residence having been found in his favor by the general verdict, and the question not having been raised at the trial, it must be held that the lower court had jurisdiction of the action."

Van Brunt, P. J., concurred, except that he dissented from the statement that the jurisdiction of the supreme court, as a court of general jurisdiction, must be presumed. The reason for the dissent was that in respect to foreign corporations the jurisdiction of the supreme court was a statutory one. His remarks clearly show that he considered the allegation in the complaint as to plaintiff's residence a necessary and material one, and he concluded:

"It is undoubtedly true that, if the record had contained evidence showing that this plaintiff was not a resident of this state at the time of the commencement of the action, the court might at any stage of the action, of its own motion, raise the question and dismiss the action." Robinson v. Navigation Co., 112 N. Y. 315, 19 N. E. 625.

In Robinson v. Navigation Co., supra, the action was brought by a nonresident against a foreign corporation upon a cause of action which had not arisen within this state. The defendant appeared in the action, interposed an answer to the complaint, and noticed the cause for trial. Afterwards it made a motion that the summons be vacated and the complaint dismissed on the ground that the court did not have jurisdiction of the action. The court of appeals, in discussing the effect of and construing section 1780 of the Code, said:

"The jurisdiction of the court is defined and limited and absolutely confined to the cases specified, and the word 'only' may have been, and probably was, inserted after the words 'following cases' to change the rule as announced in McCormick v. Railroad Co., 49 N. Y. 303. * * * It is not sufficient that a nonresident plaintiff should, by any service of process or in any other way, obtain jurisdiction of a foreign corporation; but, before the action can be maintained in any court of this state, there must also be jurisdiction of the subject-matter of the action. Jurisdiction of the action cannot be conferred upon the court by any consent or stipulation of the parties. The objection to the jurisdiction in such a case may be taken at any stage of the action, and the court may, ex mero motu, at any time when its attention is called to the fact, refuse to proceed further, and dismiss the action. Cooley, Const. Lim. 398; Davidsburgh v. Insurance Co., 90 N. Y. 526."

The doctrine of McCormick v. Railroad Co., supra, having thus been held not to be applicable under section 1780, the decisions of all the other cases in which it was held that where the court had jurisdiction of the subject-matter of the action, though it arose outside of the state, a foreign corporation, by appearing by attorney and answering generally in an action, and omitting to plead nonresidence of the plaintiff in abatement, and thus conferring jurisdiction of the person, confers jurisdiction to try the issues, have also become inapplicable. All these cases proceeded upon the theory that the fact of plaintiff's nonresidence was no part of the subject-matter of the action. But in none of them was jurisdiction of the person conferred by omitting a particular plea, for jurisdiction of the person had been obtained by the service of process. The real

question, after all, was whether the court could take cognizance of the action, or, in other words, whether it had jurisdiction of the subject-matter of the action. By the decision of Robinson v. Navigation Co., supra, the fact of plaintiff's residence, when necessary to the maintenance of the action under section 1780 of the Code, has been made not only a jurisdictional fact, but also a constituent element of the subject-matter of every action against a foreign corporation; and it has, moreover, been settled that the objection to the jurisdiction of the court on the ground of plaintiff's nonresidence may be taken at any stage of the action. In Paget v. Stevens, 143 N. Y. 173, 38 N. E. 273, substantially the same conclusion was reached on the jurisdictional question in an action against a nonresident individual defendant. The question was raised on a motion by defendant Stevens to set aside the order of publication of the summons, as against him, upon the ground that the action was not one which, upon the facts set forth, was within the jurisdiction of the court. In delivering the opinion of the court, Peckham, J., said:

. "* * * The Code of Civil Procedure provides, in section 438, for the granting of an order directing the service of a summons upon a defendant without the state by publication. Section 439 of the Code provides that the order must be founded upon a verified complaint, showing a sufficient cause of action against the defendant to be served, etc. This language does not mean simply a complaint which would withstand a demurrer based upon the ground that it did not state facts sufficient to constitute a cause of action. The cause of action which is sufficient is one against the defendant of which the court can take cognizance. In this case it must be one of which the court has jurisdiction [as to defendant Charles G. Stevens] upon the assumption that he is a nonresident. This meaning has been adjudged to be the correct one in Bryan v. Publisning Co., 112 N. Y. 382–386, 19 N. E. 825. * * * One of the plaintiffs has not the necessary jurisdictional residence in the city [viz. New York], and the objection is not rendered without force by proof that another of the plaintiffs has. Where citizenship or residence is requisite on the part of the plaintiff, it has always been held that the fact must exist in regard to all the plaintiffs. This has been so held in the United States courts in reference to citizenship, and we think it is the plain meaning of the statute."

The same view was taken by the supreme court in the recent cases of Foster v. Heat-Regulator Co., 16 Misc. Rep. 147, 37 N. Y. Supp. 1063, and Bogert v. Engine Works, 28 App. Div. 463, 51 N. Y. Supp. 118, in which it was expressly held that the omission of a plaintiff to allege in his complaint against a foreign corporation, upon a cause of action which is not one which a nonresident is expressly permitted to maintain, that at the time of the commencement of the action he was a resident of this state, is a fatal defect.

Section 481 of the Code expressly provides that the complaint must contain a plain and concise statement of the facts constituting each cause of action, and consequently the fact of plaintiff's residence at the time of the commencement of the action, when material to enable the court to take cognizance of the action, is one which should not be permitted to be omitted. Section 499 of the Code is to the effect that a defendant is not to be deemed to have waived the objection to the jurisdiction of the court, or the objection that the complaint does not state facts sufficient to constitute a cause of action, because he did not raise it either by de-

murrer or by answer. Either or both the objections referred to may therefore be taken at the trial.

I am therefore of the opinion that, in the disposition of the appeal in the case at bar, the rule as laid down in the cases of Robinson v. Navigation Co., Foster v. Heat-Regulator Co., and Bogert v. Engine Works should be followed, as the latest exposition of the law upon the point under consideration, and that under these decisions, and sections 481, 499, and 1780 of the Code of Civil Procedure, it was error to deny defendant's motion for a dismissal of the complaint when made on the ground that the complaint did not state facts sufficient to constitute a cause of action against the defendant, and that it was defective for want of an allegation that at the time of the commencement of the action the plaintiff was a resident of the state of New York. But even if it could still be held, upon the authority of some of the earlier cases, that in a case like the present it is not absolutely necessary that the complaint should allege plaintiff's residence in the state, it by no means follows that a plaintiff, after his residence has been drawn in question, may at the trial rest his case without giving any proof that he is a resident, and yet give the court jurisdiction. In the case at bar the plaintiff rested without giving any such proof, and in the motions for a dismissal of the complaint at the close of plaintiff's case and at the close of the whole case the defendant, among other grounds urged, repeated the objection. Both motions were denied, and the defendant duly excepted. This clearly constituted error. For the foregoing reasons, the judgment should be reversed, and hence it is not deemed necessary to consider any of the other points urged by the defendant on the appeal; nor is it necessary to notice any difference existing in a case like the case at bar between the jurisdiction of the city court and the jurisdiction of a court of original and general jurisdiction.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.