MORSE et al., Respondents, v. ACME CYCLE CO., Appellant. (City Court of New York, General Term. June, 1902.) Action by Walter G. Morse and another against the Acme Cycle Company. Joseph A. Arnold, for appellant. Frank F. Davis and Philip Walsheimer, for respondents.

PER CURIAM. The action is brought to recover damages for alleged breach of warranty. Defendant denied that the sale was one by sample, and the questions argued before us were concerning whether the goods were sold under warranty, either expressed or implied, as also concerning the jurisdiction of the court over the subject-matter of the action. We think it clearly erroneous that the court declined informing the jury whether or not the evidence showed a sale by sample. The testimony is that the sale was made by letters and telegrams. The jury was charged that it was by correspondence and conversation. Where a contract is made by correspondence or writing, its legal effect is for the determination of the court, and not that of the jury. 2 Pars. Cont. 492; Glacius v. Black, 67 N. Y. 567. We think it error that the court refused to instruct, as requested, touching the issue to be determined. In fact, the testimony shows that the sale was not one by sample. Upon the questions incidental thereto it is proper to refer to the authorities in Beirne v. Dord, 5 N. Y. 95, 55 Am. Dec. 321, and Waring v. Mason, 18 Wend. 425. While the court should, if possible, retain ju-

risdiction, **we think there was error in the trial justice's refusal to dismiss the complaint on the ground of lack of it.** Under section 1780 of the Code, the court obtains jurisdiction of a foreign corporation, at the instance of a nonresident, only where the contract was made within the state, or relates to property situate within the state at the time of the making thereof, or where the cause of action arose within the state. The elements necessary to constitute a statutory right in a nonresident to sue a foreign corporation in one of our courts were, therefore, lacking. because, as the evidence shows, the plaintiff Morse is a nonresident, the defendant is a nonresident, and the residence of the plaintiff Williams is in dispute. According to the evidence it appears that the contract was not made in the state of New York, and, notwithstanding it is alleged that the plaintiffs are doing business in this city, and that the allegation is not denied, it is not an averment of residence. Ladenburg v. Bank, 87 Hun, 269, 33 N. Y. Supp. 821; Bogert v. Engine Works, 28 App. Div. 463, 51 N. Y. Supp. 118. Under well-known decisions it may be asserted that the place of delivery is the store where the vendor sold the goods, and we think that the breach of warranty, if any happened, took place in Indiana. The defendant does not appear to have raised any objection by either answer or demurrer to the jurisdiction; but, notwithstanding this fact, where the plaintiffs rest without proving residence, it is the duty of the court to dismiss the complaint. In the case at bar, an action against a foreign corporation, plaintiffs have alleged that they are residents. This lack of proof is fatal to jurisdiction. O'Reilly v. Steamboat Co., 28 Misc. Rep. 118, 59 N. Y. Supp. 261. The judgment should be reversed, with costs to the appellants. Judgment reversed, with costs to appellants.