### HERBERT v. MONTANA DIAMOND CO. OF AMERICA.

(Supreme Court, Appellate Division, First Department.   March 6, 1903.)

1. FOREIGN CORPORATIONS—SUIT BY RESIDENT—FAILURE TO ALLEGE RESIDENCE —PROPRIETY OF DEMURRER.

Code Civ. Proc. § 1780, provides that a foreign corporation may be sued for any cause by a resident of the state, and by a nonresident if the cause of action arose within the state, or the proceeding concerned property within the state. The assignee of a claim for rent accruing under a lease of property in Pennsylvania sued the tenant, a foreign corporation, without alleging his own residence within the state. *Held* that, as the complaint did not affirmatively show the assignee's nonresidence, it was not subject to demurrer.

2. PLEADING—CAPACITY OF PLAINTIFF—FORM OF DEMURRER.

A demurrer on the ground that a complaint does not state facts sufficient to constitute a cause of action does not present the question of the legal capacity of the plaintiff to sue.

Appeal from Special Term, New York county.

Action by Richard S. Herbert against the Montana Diamond Company of America. From an interlocutory judgment sustaining a demurrer to the complaint, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Austin E. Pressinger, for appellant.
I. F. Cohen, for respondent.

HATCH, J. The defendant states two grounds of demurrer to the complaint:

"(1) That, as appears upon the face of the complaint, the court has no jurisdiction of the person of this defendant; (2) that, as appears upon the face of the complaint, the complaint does not state facts sufficient to constitute a cause of action."

The complaint avers that the defendant is a foreign corporation, organized under the laws of the state of New Jersey; that on or about the 7th day of May, 1900, at the city of Philadelphia, in the state of Pennsylvania, the defendant entered into an agreement with one Warner for the renting of certain premises located in the city of

¶ 2. See Parties, vol. 37, Cent. Dig. § 119.

Philadelphia for the term of five years from the 1st day of June, 1900, at an annual rental of $6,000 per annum, to be paid in equal monthly installments of $500 in advance on the 1st day of each and every month during the term of the lease. The complaint then avers the death of Warner; his leaving a last will and testament, in and by which he devised the property to his son William R. Warner, Jr.; that the defendants have failed and refused to pay the rental of said premises under the lease for the months of June and July, 1902, amounting to the sum of $1,000, which said sum is now due and owing by the defendant; and that prior to the commencement of this action the said William R. Warner, Jr., duly assigned to the plaintiff all his claims, demands, and right of action against the defendant herein. Judgment is demanded for the sum of $1,000, with interest.

It is not claimed but that the complaint states a good cause of action, if it be held that the plaintiff has the legal capacity to sue. The point is that by the provisions of section 1780 of the Code of Civil Procedure, which provides when foreign corporations may be sued, it appears upon the face of the complaint that the plaintiff has not such legal capacity. The exact claim of the defendant is "that the failure of the plaintiff to affirmatively allege in his complaint that he is a resident of the state is a fatal defect, which renders his complaint bad on demurrer." Difficulty attends upon finding support for this contention. It does not appear upon the face of the complaint that the plaintiff has not legal capacity to maintain this action. The most that can be said upon this subject is that it does not appear that he is possessed of such capacity. Failure in this respect, however, does not furnish a ground of demurrer. The language of Judge Grover in The Phœnix Bank v. Donnell, 40 N. Y. 410, very clearly states the argument here contended for, and its answer (page 413). As the complaint does not show upon its face that the plaintiff has not the legal capacity to sue, it is not the subject of demurrer, and therefore there is nothing in the first ground of the demurrer which requires it to be sustained.

As to the second ground, it was stated by Judge Brown in Perkins v. Stimmel, 114 N. Y. 359, 21 N. E. 729, 11 Am. St. Rep. 659:

"It is said that the objection that the facts stated in the complaint do not constitute a cause of action has no application to the question as to the capacity of the plaintiff to sue."

It is not contended but that this complaint is good if the plaintiff has standing to maintain the action, and as the second ground of demurrer does not go to the legal capacity of the plaintiff, and as the complaint itself is otherwise good, this ground of demurrer presents no defect in the complaint.

The court below, in sustaining the demurrer, relied upon Robinson v. Oceanic Steam Nav. Co., 112 N. Y. 315, 19 N. E. 625, 2 L. R. A. 636; Bogert v. Otto Gas Engine Works, 28 App. Div. 463, 51 N. Y. Supp. 118; and some other cases. In the case first above cited a motion was made on the part of the defendant to vacate the summons and dismiss the complaint for want of jurisdiction, based upon the ground that the plaintiff therein was in fact a nonresident, and, if so, then he did not have legal capacity to maintain the action under sec-

tion 1780 of the Code. It was conceded upon the argument of that motion that the plaintiff was in fact a resident of Fall river, in the state of Massachusetts. This being conceded, the motion was properly granted. The action was sought to be saved upon the ground that the plaintiff sued in a representative capacity, and therefore had standing to maintain the action. The court negatived this contention, holding that the provision of the Code required that the plaintiff should be an actual resident of the state wherein the action was brought, where the suit was against a foreign corporation. In Bogert v. Otto Gas Engine Works, supra, the question arose upon an appeal from an order directing the service of a summons by publication. To procure such an order, it is required that all of the jurisdictional facts necessary to maintain the action must be stated, in order to confer authority upon the court to exercise its power; and, as the residence of the plaintiff did not appear upon such application, the court held that no jurisdiction was obtained to grant the order, and therefore reversed the same. These cases serve to illustrate the distinction which exists between those classes of cases where the statute or other provision of law makes it absolutely essential to the exercise of judicial power that certain facts be affirmatively established, and that class of cases where the objection may not be taken by demurrer, unless by affirmative averment the lack of jurisdiction is made to appear. Upon the face of this complaint, it does not appear that the plaintiff is a nonresident. Consequently it does not appear upon the face of the complaint that he has not legal capacity to sue, or that the court has not jurisdiction of the subject of the action. The demurrer was therefore improperly sustained.

It follows that the interlocutory judgment should be reversed, with costs, and the demurrer overruled, with costs, and the defendant given leave to withdraw demurrer and to answer within 20 days on the payment of costs in this court and in the court below. All concur.