AUERBACH v. INTERNATIONALE WOLFRAM LAMPEN AKTIEN GESELLSCHAFT.

(Circuit Court, S. D. New York. October 28, 1909.)

1. CORPORATIONS (§ 668*)—FOREIGN CORPORATIONS—PROCESS—SERVICE BY PUBLICATION—NEW YORK STATUTE.

Under Code Civ. Proc. N. Y. § 1780, which denies the right to sue a foreign corporation in certain cases unless the plaintiff is a resident of the state, as construed by the courts of the state, on an application in such a case for an order for service by publication under Code Civ. Proc. N. Y. § 439, an averment of such residence in the moving papers is jurisdictional, and it cannot be supplied by amendment.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 2625; Dec. Dig. § 668.*

Service of process on foreign corporations, see notes to Eldred v. American Palace-Car Co. of New Jersey, 45 C. C. A. 3; Cella Commission Co. v. Bohlinger, 78 C. C. A. 473.]

2. APPEARANCE (§ 9*)—WHAT CONSTITUTES GENERAL APPEARANCE—NEW YORK STATUTE.

Under Code Civ. Proc. N. Y. § 421, which provides that a defendant's appearance must be made by serving a notice of appearance or a copy of a demurrer or answer, the service of a notice of removal of a cause to the federal court, made by attorneys for a defendant, does not constitute a general appearance by the defendant.

[Ed. Note.—For other cases, see Appearance, Cent. Dig. § 50; Dec. Dig. § 9.*]

Action by Julius Auerbach against the Internationale Wolfram Lampen Aktien Gesellschaft. On motion to vacate order for service by publication. Motion sustained.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Fraser & Usina, for the motion.
Foulds & Galland, opposed.

WARD, Circuit Judge. Motion by defendant, who appears specially for that purpose only, to vacate an order directing service of the summons by publication, which was made in the state court before the cause had been removed into this court.

Section 432 of the Code of Civil Procedure provides that service of a summons upon a foreign corporation shall be made upon the president, vice president, treasurer, assistant treasurer, secretary, or assistant secretary, or any officers performing corresponding functions under another name, or upon a person duly designated by the corporation to receive service. If no such persons can with due diligence be found, and the corporation has property within the state, or the cause of action arose therein, service of the summons may be made upon the cashier, a director, or managing agent within the state. Section 439 provides that an order for the service of the summons upon a foreign corporation by publication may be made upon a verified complaint showing a sufficient cause of action and proof that the plaintiff has been or will be unable with due diligence to make personal service of the summons.

The defendant objects that the plaintiff in his affidavit did not expressly state any effort to serve the summons on a vice president, assistant secretary, or assistant treasurer. But I am quite satisfied, on all the papers, that there was no such officer within the state, and that the plaintiff has used due diligence in the premises.

The defendant next objects that section 1780 of the Code of Civil Procedure prohibits an action against a foreign corporation in cases of which this is one, unless the plaintiff is a resident of the state, and that neither the complaint nor any of the papers on which the order of publication was made stated that to be the fact. Such an averment as a ground for an order of publication under section 439 has been held by the courts of the state of New York to be jurisdictional, the want of which cannot be cured by amending the complaint. Ladenburg v. Bank, 87 Hun, 274, 33 N. Y. Supp. 821; Foster v. Regulator Co., 16 Misc. Rep. 147, 37 N. Y. Supp. 1063; Bogert v. Otto Gas Engine Works, 28 App. Div. 463, 51 N..Y. Supp. 118. I feel that I ought to follow these authorities, and therefore sustain this objection.

But the plaintiff contends that this defect, if it is one, is immaterial, because the defendant has actually appeared generally in the action, by virtue of the fact that its attorneys served on the plaintiff's attorneys a notice of removal of the cause into this court, signed by them as attorneys for the defendant. The act of removal by attorneys does not itself amount to a general appearance, even though no reservation is made as to the character of their appearance in the petition. Wabash Railway Co. v. Brow, 164 U. S. 271, 17 Sup. Ct. 126, 41 L. Ed. 431. I do not think the mere notice from them that they have removed the case amounts to more, especially as such a notice would not be a general appearance in the state courts; section 421 of the Code of Civil Procedure providing as to appearance:

"The defendant's appearance must be made by serving upon the plaintiff's attorney within twenty days after service of the summons exclusive of the day of service, a notice of appearance or a copy of a demurrer or of an answer."

Motion granted.