ANGLO-AMERICAN PROVISION CO. v. DAVIS PROVISION CO.

(Supreme Court, Appellate Division, First Department.   April 12, 1900.)

1. JURISDICTION—FOREIGN CORPORATIONS.
    In the absence of statutory authority, the courts of New York have not jurisdiction of an action by one foreign corporation against another.
2. SAME—FOREIGN JUDGMENTS.
    Under Code Civ. Proc. § 1780, authorizing an action by one foreign corporation against another foreign corporation, "where the cause of action arose within the state," an action by one foreign corporation against another on a foreign judgment is not an action arising within the state.
3. CONSTITUTIONAL LAW—JUDICIAL PROCEEDINGS OF OTHER STATES.
    Code Civ. Proc. § 1780, prohibiting actions by one foreign corporation against another, except in certain cases, is not unconstitutional, under Const. U. S. art. 4, § 1, providing that "full faith and credit shall be given in each state to the public acts, records and judicial proceedings of every other state," because of failure to provide for an action on a foreign judgment by one foreign corporation against another.
4. SAME—PRIVILEGES AND IMMUNITIES.
    Code Civ. Proc. § 1780, prohibiting actions by one foreign corporation against another, except in certain cases, is not unconstitutional, in discriminating between resident and nonresident plaintiffs, under Const. U. S. art. 4, § 2, providing that the citizens of each state shall be entitled to the privileges and immunities of citizens of several states.

Appeal from special term, New York county.

Action by the Anglo-American Provision Company against the Davis Provision Company. From an interlocutory judgment sustaining a demurrer to the complaint, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Henry Wilson Bridges, for appellant.
Thomas F. Conway, for respondent.

O'BRIEN, J.   The complaint seeks to establish a judgment obtained in the circuit court of Cook county, state of Illinois, under the laws of which state both corporations, plaintiff and defendant, were organized and now exist. The demurrer thereto was sustained on the ground that the court had no jurisdiction, both parties being foreign corporations. We do not regard the question of whether

one foreign corporation can sue another corporation in our courts as any longer open to discussion. As stated in the concurring opinion of Judge Van Brunt in Barker v. Steamship Co., 91 Hun, 500, 36 N. Y. Supp. 260:

"In respect to foreign corporations, the supreme court has never been a court of general jurisdiction. It has no jurisdiction of actions against foreign corporations, except such as is conferred by statute. Hence the rule which ordinarily applies to this court as a court of general jurisdiction cannot obtain in actions against foreign corporations. It must appear somewhere in the record that jurisdiction exists."

See, also, Ladenburg v. Bank, 87 Hun, 269, 33 N. Y. Supp. 821.
By section 1780 of the Code of Civil Procedure, it is provided:

"An action against a foreign corporation may be maintained by another foreign corporation or by a nonresident in one of the following cases only: * * * (3) Where the cause of action arose within the state."

Though it be conceded that an action on a foreign judgment is an action on contract, and though a foreign judgment may be enforced in this state, it does not follow that a suit brought by a foreign corporation on a foreign judgment is an action which arises in this state.

Nor do we think that there is force in the further contention that section 1780 of the Code is unconstitutional, as violative of the provision of the United States constitution that "full faith and credit shall be given in each state to the public acts, records and judicial proceedings of every other state." Const. U. S. art. 4, § 1. The present case is analogous to that of Bank v. Lowery, 93 U. S. 72, 23 L. Ed. 806, where a state statute of limitations was attacked as repugnant to the same clause of the constitution of the United States as is here brought before us, and it was held that the law in question did not produce any unconstitutional discrimination. Furthermore, it may be said that, in the case of a foreign corporation presenting such a question as this, this state has expressly held that, as such a corporation comes within our jurisdiction only by permission, express or implied, it assents to certain conditions, and, even if those conditions were unconstitutional, it would be estopped from attacking them. People v. Fire Ass'n of Philadelphia, 92 N. Y. 320.

The other constitutional question raised is disposed of by the case of Robinson v. Navigation Co., 112 N. Y. 315, at page 324, 19 N. E. 625, at page 627, 2 L. R. A. 636, at page 638, as follows:

"It is claimed, however, that section 1780 of the Code, so far as it discriminates between resident and nonresident plaintiffs, is repugnant to section 2, art. 4, of the federal constitution, wherein it is provided that 'the citizens of each state shall be entitled to all the privileges and immunities of citizens in the several states.' This section makes no discrimination between citizens, but between residents and nonresidents. Without attempting to define the full scope of that constitutional provision, it is sufficient to say that it has no application to a case like this, and there are numerous decisions to that effect."

In the same opinion the learned judge quotes with approval what was said in Davidsburgh v. Insurance Co., 90 N. Y. 526:

"There are, no doubt, many cases where the court, having jurisdiction over the subject-matter, may proceed against a defendant who voluntarily submits

to its decision; but, where the state prescribes conditions under which a court may act, those conditions cannot be dispensed with by litigants, for in such a case the particular condition or status of the defendant is made a jurisdictional fact."

Judgment affirmed, with costs. All concur.