## SNOW, CHURCH & CO. v. SNOW–CHURCH SURETY CO.

(Supreme Court, Appellate Division, First Department. February 20, 1903.)

1. EXAMINATION OF BOOKS AND PAPERS—NECESSITY.

Order permitting examination of books and papers to enable plaintiff to frame its complaint should be refused when plaintiff has the necessary information without the examination.

2. SAME—PRACTICABILITY.

The order should be refused where the petition fails to show, either expressly or by implication, that the books and papers are within the state.

3. SAME—REFUSAL FOR WANT OF JURISDICTION.

The order should be refused where the petition fails to show, either expressly or by implication, that the court has or would have jurisdiction of the action itself.

4. CONTRACT—WHERE MADE—PRESUMPTION—JURISDICTION.

A contract made by one foreign corporation with another must be presumed to have been made in the state of the domicile of one or the other, and not in New York, so as to confer jurisdiction on the courts of that state of an action for breach thereof under the Code of Civil Procedure, § 1780.

Appeal from Special Term, New York county.

Action by Snow, Church & Co. against the Snow-Church Surety Company. From an order permitting examination of books, papers, etc., to enable plaintiff to frame its complaint, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

T. C. Campbell, for appellant.
Louis H. Hall, for respondent.

McLAUGHLIN, J. I think this order should be reversed:

First, because the petition upon which it is based clearly shows that the plaintiff has all the information necessary to enable it to frame a complaint. It, of course, knows what amount of money it has paid to the defendant, and it alleges that no part of this sum has been invested in accordance with the terms of the contract referred to, but that the same has been appropriated by defendant to its own use.

Second, because the petition fails to show, nor are any facts stated in it from which that fact can be inferred, that the books and papers sought to be examined are within the state of New York; and unless they are, it is manifest that an order directing their production would be unavailing. The defendant is a foreign corporation, and, in the absence of proof to the effect that the books and papers are within the state of New York, the presumption is that they are at their home office in the state under whose laws the corporation was organized.

Third, because, upon the facts presented, the courts of the state of New York have no jurisdiction over the subject-matter of the action. The plaintiff is a foreign corporation organized under the laws of the state of Pennsylvania, and the defendant, as already said, is a foreign corporation organized under the laws of the state of New Jersey. The courts of New York have no jurisdiction of the subject-

matter of a litigation between foreign corporations, except in the cases provided in section 1780 of the Code of Civil Procedure, and these are: (1) Where the action is brought to recover damages for the breach of a contract made within the state of New York, or relating to property situate within the state at the time of the making thereof. Here there is nothing to show that the contract referred to in the petition was made in the state of New York, and, in the absence of some proof bearing upon that subject, the presumption is that it was made either in the state of Pennsylvania or New Jersey; and it affirmatively appears that the money which is the subject-matter of the dispute was not paid by the plaintiff to the defendant until after the contract was made. Or (2) where action is brought to recover real property situate within the state of New York, or a chattel which is replevied within the state. Manifestly, the subject-matter of this litigation did not come within this provision. And (3) where the cause of action arose within the state. It does not appear from the petition that this cause of action arose in the state of New York, or that any of the money alleged to have been paid by plaintiff to the defendant was ever in the state of New York. The plaintiff having failed to show that the court had jurisdiction, or to state facts from which jurisdiction could be inferred, the motion should have been denied, under the section of the Code referred to. Anglo-American Provision Co. v. Davis, 50 App. Div. 274, 63 N. Y. Supp. 987.

The order appealed from, therefore, must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.

All concur, except INGRAHAM, J., who concurs on first and second grounds stated in opinion.