UNITED STATES ASPHALT REFINING CO. v. COMPTOIR NATIONAL D'ESCOMPTE DE PARIS. (No. 6721.)

(Supreme Court, Appellate Division, First Department. February 5, 1915.)

CORPORATIONS (§ 662*)—FOREIGN CORPORATIONS—ACTIONS.

Under Code Civ. Proc. § 1780, as amended by Laws 1913, c. 60, which is headed "When Foreign Corporation may be Sued" and which provides that "an action against a foreign corporation may be maintained by another foreign corporation, or by a nonresident, in one of the following

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

cases only: * * * 4. Where a foreign corporation is doing business within the state"—such an action may be maintained only when the defendant corporation is doing business within the state; it not being sufficient that plaintiff corporation is doing business therein.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2544, 2568–2570; Dec. Dig. § 662.*]

Appeal from Trial Term, New York County.

Action by the United States Asphalt Refining Company against the Comptoir National D'Escompte De Paris. From a judgment dismissing the complaint, and an order denying plaintiff's motion for judgment on the complaint, plaintiff appeals. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, SCOTT, and HOTCHKISS, JJ.

William H. Blymyer, of New York City, for appellant.

Howard Thayer Kingsbury, of New York City, for respondent.

LAUGHLIN, J. The defendant demurred to the complaint on the ground that it fails to state facts sufficient to constitute a cause of action, and that the court is without jurisdiction over the subject of the action, and then brought its demurrer on for a hearing on motion.

The plaintiff alleges that it is a corporation organized under the laws of South Dakota and is doing business in the borough of Manhattan, New York; that the defendant is a corporation organized under the laws of France, with its principal office in the city of Paris, and a branch office for the transaction of banking business in the city of London, England, and—

"that on or prior to December 13, 1913, the defendant collected on six certain drafts drawn by the plaintiff against A. Grinwood & Co., Limited, London, England, the sum of six hundred one pounds and five shillings (£601/5), from which it deducted eight shillings and six pence (£–/8/6) as commission, leaving a balance in its hands of £600/17/6, or two thousand nine hundred and twenty-four 25/100 dollars ($2,924.25) of United States money, belonging to the plaintiff, and then and there the defendant wrongfully converted said sum of six hundred pounds, seventeen shillings, and six pence (£600/17/6) to its own use and to the plaintiff's damage."

These are the only material allegations of the complaint. Judgment is demanded for said amount of $2,924.25, together with interest and costs.

I am of opinion that the complaint shows that the court has not jurisdiction of the action, for the reason that it is not alleged that the *defendant* was doing business within this state. The jurisdiction of the court to entertain an action by one foreign corporation against another foreign corporation is prescribed in section 1780 of the Code of Civil Procedure. Section 1779 of the Code of Civil Procedure prescribes when a foreign corporation *may sue*. This indicates that the Legislature by the one section intended to prescribe when a foreign corporation *may sue,* and by the other when a foreign corporation *may be sued.* Section 1780, the heading of which is, "When Foreign Corporation may be Sued," contains four subdivisions, and the decision of the question now presented depends upon the construction of the fourth,

which was added to chapter 60 of the Laws of 1913, entitled "An act to amend the Code of Civil Procedure, relating to when a foreign corporation may be sued," which indicates that the Legislature intended logically to continue the distinction between the two sections. Section 1780, as thus amended, so far as material, is as follows:

"Sec. 1780. When Foreign Corporation may be Sued. An action against a foreign corporation may be maintained by a resident of the state, or by a domestic corporation, for any cause of action. An action against a foreign corporation may be maintained by another foreign corporation, or by a nonresident, in one of the following cases only: * * * 4. Where a foreign corporation is doing business within this state."

The learned counsel for the appellant contends on this branch of the appeal that subdivision 4 gives the court jurisdiction where *either* of the foreign corporations—that is to say, either plaintiff or defendant—is doing business within this state. I am of opinion that it was the intention of the Legislature to confine the provisions of said subdivision 4 to the defendant in the action. Our attention has not been drawn to any decision construing this section on the point now under consideration, and we have found none. The Legislature, by enacting the four subdivisions of this section, attempted to prescribe, not when a foreign corporation may sue, but when such a corporation may be sued within this jurisdiction. It is perfectly plain that, where the action is brought by a *nonresident,* the fourth subdivision relates to the foreign corporation which is made a defendant; and there is, I think, no ground for holding that in the same sentence and by the name phraseology the Legislature intended to authorize an action against a foreign corporation by a plaintiff foreign corporation doing business here. That construction would impute to the Legislature an intention to confer greater rights on a foreign corporation doing business here than on a nonresident individual, for under it he could not sue, even though all his business were transacted here, unless the defendant also did business here. Subdivision 4 evidently was intended to relate to the defendant in either instance. Prior to the enactment of this amendment it had been held that the courts have only such jurisdiction over foreign corporations as is expressly conferred by statutory law (Anglo-American Provision Co. v. Davis, 50 App. Div. 273, 63 N. Y. Supp. 987, affirmed 169 N. Y. 506, 62 N. E. 587, 88 Am. St. Rep. 608), and that in an action against a foreign corporation it is necessary to plead the jurisdictional facts (Ladenburg v. Commercial Bank, 87 Hun, 269, 33 N. Y. Supp. 821, affirmed 146 N. Y. 406, 42 N. E. 543). I am therefore of opinion that it was not the intention of the Legislature to authorize a foreign corporation, merely on account of its doing business here, to sue in the courts of this state another foreign corporation not doing business here.

In this view of the case it is unnecessary to decide whether in the circumstances the bare allegation that the defendant, which on the facts alleged presumably was authorized to collect the drafts, *converted* the proceeds to its own use, is a sufficient allegation of facts showing conversion; but, without expressing a decided opinion on the point, it may be observed that while the courts have quite uniformly held that gener-

al charges of negligence, fraud, conspiracy, or unlawfulness, or that an act was done wrongfully or maliciously or arbitrarily, without setting forth the facts, are mere characterizations of acts or facts not stated, and therefore legal conclusions (Knowles v. City of N. Y., 176 N. Y. 430, 68 N. E. 860; Talcott v. City of Buffalo, 125 N. Y. 280, 26 N. E. 263; De Jong v. Behrman Co., 148 App. Div. 37, 131 N. Y. Supp. 1083; Nillson v. Lawrence, 148 App. Div. 678, 133 N. Y. Supp. 293; Peerrot v. Mt. Morris Bank, 120 App. Div. 247, 104 N. Y. Supp. 1045; People v. Equitable Life Assurance Society, 124 App. Div. 714, 109 N. Y. Supp. 453; Petty v. Emery, 96 App. Div. 35, 88 N. Y. Supp. 823), and although there is a dictum in Saratoga Gas & Electric Light Co. v. Hazard, 55 Hun, 251, 7 N. Y. Supp. 844, to the effect that a bare charge of *conversion* is insufficient, yet there is considerable authority for the proposition that the word "convert" or "conversion" imports the essential facts to show the act an unauthorized exercise of dominion, and that proof of any acts constituting conversion may be made thereunder (Thayer v. Gile, 42 Hun, 268; Berney v. Drexel, 33 Hun, 34, cited with approval in Railroad Co. v. Robinson, 133 N. Y. 242, 30 N. E. 1008; Duggan v. Wright, 157 Mass. 228, 32 N. E. 159, 2 Abb. Trial Brief [2d Ed.] page 1564; Abb. Law Dic. definition of "conversion"; Century Dictionary and Cyclopedia, definition of "convert").

Since there is a jurisdictional defect which cannot be corrected, it follows that the judgment and order should be affirmed, with costs. All concur.

---

MORRISON v. STEINBERG et al.　(No. 6705.)

(Supreme Court, Appellate Division, First Department.　February 5, 1915.)

1. MORTGAGES (§ 298*)—FORECLOSURE—PAYMENT.

　　Where, to obtain an extension of a bond secured by a mortgage, payment was guaranteed by two guarantors by a separate written instrument, and, on foreclosure being threatened, one of them delivered to the owner his check and note for the full amount due, and received a receipt reciting that the check and note were accepted as additional security, there was no payment of the debt, so as to preclude subsequent foreclosure.

　　[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 836–854, 864, 871; Dec. Dig. § 298.*]

2. MORTGAGES (§ 431*)—FORECLOSURE—BY ASSIGNEE.

　　One to whom a bond and mortgage was assigned, for the purpose of bringing suit, had the legal title, and was the real party in interest, entitled to sue as provided by Code Civ. Proc. § 449.

　　[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 1268; Dec. Dig. § 431.*]

Appeal from Special Term, New York County.

