BARNEY & SMITH CAR COMPANY, Plaintiff, *v.* THE E.W. BLISS COMPANY, Defendant.

(Supreme Court, New York Special Term, May, 1917.)

Corporations — foreign — actions — pleading — General Corporation Law, § 15.
Jurisdiction — when court has — of actions — foreign corporations — contracts — waiver — Code Civ. Pro. § 1780(4).

> The provision of section 15 of the General Corporation Law, which prohibits a foreign stock corporation from bringing an action upon a contract made in this state without first being authorized to do business therein, must be pleaded to be effective.
>
> In an action by a foreign corporation against a like corporation, upon a contract made in this state, the defendant may waive its right to object to the jurisdiction of the court on the ground that plaintiff has never procured authority to do business in this state and defendant's disclaimer of any intention to move for a dismissal of the case for lack of jurisdiction is a waiver of any such right of objection.
>
> Where the defendant corporation was and for many years had been doing business in this state and had been licensed so to do, the court, under section 1780(4) of the Code of Civil Procedure, has jurisdiction of the action though plaintiff had never procured authority to do business in this state.

MOTION by the plaintiff for leave to discontinue the action.

Supreme Court, May, 1917.        [Vol. 100.

Cadwalader, Wickersham & Taft (Cornelius W. Wickersham, of counsel), for motion.

Platt & Field, (George W. Field, of counsel) opposed.

GIEGERICH, J. Plaintiff asks leave to discontinue on payment of costs. One reason assigned for desiring such leave is that the plaintiff is a foreign corporation and has never procured authority to do business in this state and that the plaintiff is apprehensive that the defendant may move for a dismissal of the case for lack of jurisdiction. This is answered by the defendant by a disclaimer of any such intention and a waiver of any right to object upon that ground. In his brief the counsel for the plaintiff expresses fear that the objection is not of such a character that it can be waived by the parties, but that the prohibition of the statute (Gen. Corp. Law, § 15) is based upon a general policy of the state and that the court might, of its own motion, refuse to entertain jurisdiction, and the expense and labor of the parties in bringing the case on for trial might prove in vain. I do not think there is good ground for such an apprehension. Even conceding that the plaintiff was doing business within the state, which the defendant disputes, the bar of the statute referred to must be pleaded to be effective. *Angldile Computing Scale Co.* v. *Gladstone,* 164 App. Div. 370. Such decisions are manifestly inconsistent with the recognition by the courts of the existence of any such public policy as the plaintiff's counsel refers to. Indeed, it has been expressly said that the objection made is one as to the character or capacity of the plaintiff to sue and if not taken either by demurrer or answer is deemed to have been waived. *Parmele Co.* v. *Haas,* 171 N. Y. 579. This is tantamount to saying that the objection is one that can be waived

and consequently that such waiver is not contrary to any state policy. In the present case the complaint does not allege that the plaintiff has procured authority to do business, nor does the answer set up its failure to do so. Both pleadings are silent on the point. The facts appear only in the affidavits, but this circumstance is immaterial. The question here is not whether the state of the pleadings is such that a waiver should or should not be implied, but the fundamental question is whether the defendant can, if it so desires and does what is necessary to that end, make such a waiver, which the court will recognize and act upon. That such a waiver can be made and has been made in this case there seems to be no room for doubt. Section 1780 of the Code of Civil Procedure expressly permits a foreign corporation to bring an action against another foreign corporation. " 1. Where the action is brought to recover damages for the breach of a contract, made within the State " or " 4. Where a foreign corporation is doing business within this State." Not only was the contract made within the state, but the defendant is and has for many years been doing business within the state and has been licensed so to do. The provisions of subdivision 4 above quoted are confined in their operation to the defendant in the action. *United States Asphalt R. Co.* v. *Comptoior Nat. D'Escompte De Paris,* 166 App. Div. 64. It seems plain, therefore, that the courts of this state have jurisdiction of this action and that there is no state policy that such jurisdiction should not be exercised. It may be worth observing in this connection that it is the foreign corporation that has complied with the requirements of our statute that is asking that the court retain jurisdiction, while it is the one that asserts it has not so complied that is asking the court, on the ground of such non-compliance, to grant

what it desires. Turning now to the defendant's position in the case, it is found that it has interposed a counterclaim for several hundred thousand dollars and one greatly in excess of the plaintiff's demand and earnestly desires that it may have a speedy adjudication upon that counterclaim. Its witnesses reside here and some of them are playing important parts in the production of munitions needed by the government in the existing war, and it would be a serious loss to take them away to West Virginia for the defense of the other action which the plaintiff has brought there upon the same claim. Moreover, the plaintiff has recently emerged from bankruptcy and the counterclaim which the defendant has set up in this action cannot be set up in the other action under the laws of the state of West Virginia. The seriousness of such a situation for the defendant is at once apparent. Further the defendant has been advised by its counsel in West Virginia that, as neither corporation has a place of business in that state and neither transacts any business in that state, they may be held to be non-residents within the meaning of the statutes of that state and that, as the contract was not made in that state and was not to be performed there and deliveries were not to be made there, it is doubtful whether the courts of that state have jurisdiction to try the action. The plaintiff has received legal advice from its attorneys in West Virginia to the contrary on this point of jurisdiction. But, at any rate, whatever may be the law of West Virginia on this disputed question, it seems to be undisputed that the counterclaim cannot be set up in that state and two actions instead of one will be necessary there to determine the whole controversy, and therefore it would seem to entail less trouble and expense upon the plaintiff as well as the defendant to try the case in the jurisdic-

tion which the plaintiff itself once chose and which the defendant now invokes. The motion should be denied, with ten dollars costs.

Motion denied, with costs.