Commonwealth Mortgage Company, Plaintiff, *v.* Le Roy Sargent & Company, Inc., Le Roy Sargent, Harry E. Martin, Lawrence Swan and John K. Peake, Defendants.

(Supreme Court, New York Special Term, October, 1918.)

Corporations — when one foreign corporation may maintain action in tort against another — Code Civ. Pro. § 1780(4).
Attachment — when motion to vacate a warrant of, will be denied — damages — pleading — affidavits — corporations.

Under section 1780 (4) of the Code of Civil Procedure a foreign corporation may maintain an action in tort against a foreign corporation doing business in this state.

Where the complaint in an action brought by a foreign corporation against another foreign corporation doing business within this state and other defendants to recover damages alleged to have been sustained by plaintiff through the wrongful acts, fraud and conspiracy of the defendants in that they converted and injured plaintiff's property, certain corporate stock, alleged that many of said acts were committed within the state of New York, a motion to vacate a warrant of attachment on the ground that the complaint did not state facts sufficient to constitute a cause of action will be denied.

Where a defendant presents no affidavit in support of its motion to vacate an attachment the plaintiff is entitled to the benefit of all legitimate inferences to be drawn from the facts alleged in the complaint.

Motion to vacate a warrant of attachment.

William Travers Jerome, for motion.

Edward A. Carlin and Ormsby McHarg, opposed.

Cohalan, J.   Defendant Le Roy Sargent & Co., Inc., appearing specially, moves to vacate a warrant of attachment.   The action is brought by the plaintiff, a foreign corporation, against the defendants to recover damages in the sum of $1,830,840.   These damages are alleged to have been sustained by the plaintiff through the wrongful acts, fraud and conspiracy of the defendants in that they converted and injured the plaintiff's property.   It is further alleged that many of these acts were committed in the state of New York.   The defendant Le Roy Sargent & Co., Inc., is a foreign corporation, but is engaged in business within this state.   The main grounds of objection to the warrant are that the complaint does not state facts constituting a cause of action such as this court should entertain jurisdiction thereof, and that one foreign corporation may not sue another foreign corporation in tort as a matter of

right in the Supreme Court of the state of New York. Under subdivision 4 of section 1780 of the Code of Civil Procedure, the plaintiff may maintain an action in the courts of this state when a defendant, a foreign corporation, is doing business within its boundaries. The section reads as follows: "When foreign corporations may be sued. An action against a foreign corporation may be maintained by a resident of the State, or by a domestic corporation, for any cause of action. An action against a foreign corporation may be maintained by another foreign corporation, or by a non-resident, in one of the following cases only: * * * (4) Where a foreign corporation is doing business within this State." This subdivision of the Code was considered in the case of the *United States Asphalt Refining Co.* v. *Comptoir National D'Escompte de Paris,* 166 App. Div. 64, 66, and it was there held that the courts of this state have jurisdiction of cases of this kind and that there is no state policy that such jurisdiction should not be exercised. The complaint herein sets forth sufficient facts to constitute a cause of action under the authority of the case of *Pollitz* v. *Wabash R. Co.,* 207 N. Y. 113, and the complaint is undoubtedly modeled after the one used in that action. Moreover, upon a motion to vacate an attachment where the defendant presents no affidavit in support of the motion, the plaintiff is entitled to the benefit of all legitimate inferences to be drawn from the facts pleaded in the complaint. *Stewart* v. *Lyman,* 62 App. Div. 182. There is an additional reason why the warrant of attachment should be sustained. It is claimed that the defendant corporation is engaged in making sales of securities in the state of New York, and that it has fraudulently disposed of more than four hundred shares of the plaintiff's stock in this state. These facts being alleged in the plain-

tiff's complaint and the motion papers, and not being denied by the defendant corporation, indicate that the plaintiff has made out a cause of action. It appears further that all the officers of the defendant corporation are residents of the state of New York; that they have their offices in the borough of Manhattan; that they conduct a business within the city and county of New York; that none of the officers of the defendant corporation resides in the state of Minnesota, and that if jurisdiction is refused by this court the plaintiff may not enforce its rights in any other jurisdiction to recover damages for the alleged wrongful acts committed by the defendant. In a word, it is urged that no process can be served on the defendant corporation or its officers outside of the state of New York. If this be so, this is the proper forum in which to adjudicate the rights of the parties to the action.

Motion denied.